The judgment appealed from is therefore affirmed.

---

(68 South. 604)

No. 20197.

## KUHLMAN v. KUHLMAN.

(May 10, 1915.)

*(Syllabus by the Court.)*

1. BASTARDS ⊕⇒7 — REPUDIATING ILLEGITIMATE CHILD—VENUE.

An action brought by the father under article 191 of the Civil Code, to contest the legitimacy of a child of the wife, was properly instituted in the parish of the domicile of the father.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. § 11; Dec. Dig. ⊕⇒7.]

2. BASTARDS ⊕⇒7 — REPUDIATING ILLEGITIMATE CHILD—PRESCRIPTION.

Where a similar action had been previously brought by the father in another parish, where the wife and child were sojourning, and had been dismissed on an exception to the jurisdiction of the court, and the father did not appeal from the judgment, *held*, that the prescription, or bar, of two months provided by article 191 of the Civil Code against such actions, commenced to run from the date when the judgment became executory.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. § 11; Dec. Dig. ⊕⇒7.]

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Joseph B. Lancaster, Judge.

Action by Bernard J. Kuhlman against Walter J. Kuhlman. Judgment for defendant, and plaintiff appeals. Amended and affirmed.

Lyle Saxon, of New Orleans, for appellant. Lindsay McDougall, of Franklinton, Atty. ad hoc, for appellee.

LAND, J. This is a suit in which the plaintiff contests the legitimacy of the defendant minor, born to plaintiff's wife during their marriage. Article 191 of the Civil Code requires that such an action of disavowal or repudiation be brought by the father within 1 month, if he be in the place where the child is born, or within 2 months after his return, if he be absent at the time, or within 2 months after the discovery of the fraud if the birth of the child was concealed from him, "or he shall be barred from making an objection to the legitimacy of said child."

Plaintiff did bring such an action in the civil district court for the parish of Orleans within 60 days after the birth of the child, but the action was dismissed on an exception to the jurisdiction of the court, which held that the action should have been brought in the parish of Washington, where the plaintiff was domiciled at the time of the birth of the child, and where he was domiciled at the time of the institution of the suit.

The plaintiff did not appeal, but some 6 months later brought the present suit in the parish of Washington, thereby acquiescing in said judgment of dismissal for want of jurisdiction.

The curator ad hoc appointed by the court to represent the defendant minor, excepted to the jurisdiction of the district court for the parish of Washington, and, in the alternative, pleaded the prescriptive bar of 60 days, under C. C. art. 191.

The judge a quo sustained both pleas.

[1] We are of opinion that the district court for the parish of Washington has jurisdiction, as held by the civil district court for the parish of Orleans, for the conclusive reason that the domicile of the father is the domicile of the child of the marriage. The curator ad hoc in his brief abandons the exception to the jurisdiction of the court below.

[2] The question of the prescription, or bar, of two months, requires a more extended consideration.

In Succession of Saloy, 44 La. Ann. 441, 10 South. 875, the court said:

"The action en desaveu belongs only to certain persons exactly determined, that is, the husband and his heirs. It belongs neither to the mother nor to her heirs."

"This action is limited to a delay fatal and very short, after which it is extinguished by the renunciation, express or tacit, which is made by the husband or his heirs."

Neither the Saloy Case, nor any other in our reports, has any direct application to the case at bar, where the husband sued within the delay of 2 months, but after his suit was dismissed, failed to renew his action within said delay.

Counsel for the plaintiff contend that the delay of 2 months is not a prescription, but at the expiration of that time the right of action is extinguished (citing Domolombe and other commutators); and argues that where an action en desaveu was instituted within the prescribed delay, the right of action became imprescriptible, and may be renewed at any time after the dismissal of the suit. This argument runs counter to the reason and spirit of article 191 of the Civil Code.

In the Saloy Case, supra, the court said:

"When, aware of the circumstances under which he might have exercised the right of repudiation, the husband, who is the sovereign arbiter of his honor, fails to do so, the door is forever closed and no one can afterward assert a right strictly personal to him."

"Permitting such a thing would be to strike a heavy blow at the sacredness of family ties (and) keep the honor of the wife, and of the children in a condition of constant trepidation."

This argument also assumes that prescription continued to be suspended after the rendition of the final judgment in the first suit. Prescription commenced running from the date of that judgment, from which no appeal was taken. Richard v. Butman, 14 La. Ann. 144; Turner, Wilson & Co. v. McMain, 29 La. Ann. 298. The judgment having become final and executory, the suit terminated in the district court, and could have been thereafter reinstated only by a reversal of the judgment on a devolutive appeal, which, however, was never taken by the plaintiff. See Elms v. Wright-Blodgett Co., 106 La. 19, 30 South. 315. Moreover, plaintiff acquiesced in the judgment, and abandoned his right of appeal, by renewing his action in the parish of Washington. Hence, after the final judgment of dismissal, there was no pending action to suspend the current of prescription.

It is therefore ordered that the judgment below be reversed, in so far as it maintains the plea to the jurisdiction of the court, and, as thus amended, be affirmed; plaintiff and appellant to pay costs of appeal.