324 So.2d 842 (1975)
Elsie S. LINDSEY et vir, Plaintiffs-Appellants,
v.
AETNA CASUALTY & SURETY COMPANY, Defendant-Appellee.
No. 12735.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1975.
Rehearing Denied January 6, 1976.
Writ Refused February 11, 1976.
Pugh & Nelson by Sydney B. Nelson, Shreveport, for plaintiffs-appellants.
Cook, Clark, Egan, Yancey & King by Herschel E. Richard, Jr., Shreveport, for defendant-appellee.
Before PRICE, DENNIS and MARVIN, JJ.
En Banc. Rehearing Denied January 6, 1976.
DENNIS, Judge.
This appeal questions the propriety of a partial summary judgment.
The undisputed facts shown by the pleadings relevant to the motion for summary judgment are as follows: Plaintiffs, Elsie Lindsey and her husband, Joseph E. Lindsey, seek to recover from their insurer, Aetna Casualty & Surety Company, for personal injuries sustained by Mrs. Lindsey in an automobile accident on October 15, 1973. They allege that her injuries were caused by the negligence of two other drivers involved in the wreck. One of these drivers, Elmarie McGee, was insured against liability for her negligent operation of her automobile by a policy which provided $5,000 coverage for bodily injury to any one individual. On October 20, 1972, Aetna Casualty & Surety Company had issued to plaintiffs a policy of liability insurance insuring three separate vehicles and providing uninsured motorists coverage for each person injured, which plaintiffs contend they are entitled to "stack" for a total uninsured motorist coverage of $15,000.
*843 Aetna Casualty & Surety Company successfully moved for a summary judgment rejecting plaintiffs' claim based on Elmarie McGee's negligence for the reason McGee was not an "uninsured motorist" under the terms of the Aetna policy. Plaintiffs appealed contending in essence that the term "uninsured motorist" was broadened by Act 137 of 1972 to include motorists, such as McGee, with less insurance coverage than the uninsured motorist coverage afforded by the claimant's own insurer, such as Aetna in this case. Aetna concedes that is the effect of the Act but argues that since the statute, under its own provisions, did not become effective until January 1, 1973, the meaning of the term "uninsured motorist" in the policy issued to the Lindseys on October 20, 1972 was not affected by the legislation.
Act No. 137 of 1972, which became La.R.S. 22:1406, subd. D(1), (2), provides:
"D. (1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage.
"(b) Any insurer delivering or issuing an automobile liability insurance policy referred to herein, shall also permit the insured, at his request, to increase the coverage applicable to uninsured motor vehicles provided for herein to any amount not in excess of the limits of the automobile liability insurance carried by such insured.
"(2)(a) For the purpose of this coverage, the terms `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency.
"(b) For the purposes of this coverage the term `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the uninsured motorist coverage carried by an insured."
Read literally the statute simply prohibits insurers from issuing or delivering automobile liability insurance policies unless uninsured and underinsured motorist coverage is provided therein. Assuming, arguendo, that Act No. 137 of 1972 had the effect of statutorily rewriting policies devoid of underinsured motorist coverage to supply this additional protection for policyholders, instead of merely subjecting the offending insurers to possible fines, punishment and revocation of licenses under R.S. 22:1455 and 1457, the question remains, does the Act apply to all policies regardless of the date of their issuance? We think the statute is essentially a prohibition of future conduct and, because its interdiction did not become effective until January 1, 1973, it could not affect policies issued before this date. Had the Legislature intended otherwise it would have clearly provided that the law applied to insurance policies previously issued, in existence on the effective date, or words of similar import. See Lorio v. Safeco Insurance Company of America, 316 So.2d 744 (La.App., 1st Cir. *844 1975). Compare, however, Richard v. Zurich Insurance Company, 318 So.2d 83 (La.App., 3d Cir. 1975).
Accordingly, we agree with the trial judge who concluded that Elmarie McGee was not an uninsured motorist under the terms of the policy. Consequently, plaintiffs' claim, which was based on this premise, was properly rejected by summary judgment.
The District Court's judgment is affirmed at appellants' cost.
Affirmed.
MARVIN, J., concurs in result.