343 So.2d 1189 (1977)
Wilbert URSIN, Jr.
v.
Coleman OUBRE, Administrator of the Estate of his minor daughter, Kelly M. Oubre, et al.
No. 7838.
Court of Appeal of Louisiana, Fourth Circuit.
March 15, 1977.
*1190 Robert R. Faucheaux, Jr., Daniel E. Becnel, Jr., Reserve, for plaintiff-appellant.
Lemle, Kelleher, Kohlmeyer & Matthews, Paul B. Deal, New Orleans, for defendant-appellee.
Before SAMUEL, SCHOTT and BEER, JJ.
BEER, Judge.
Appellant, Wilbert Ursin, Jr., filed suit against Coleman Oubre (the Administrator of the Estate of his Minor Daughter, Kelly M. Oubre), Israel Louque, Sr. (grandfather of Kelly M. Oubre) and State Farm Mutual Automobile Insurance Company (the liability insurer of Mr. Louque), for damages sustained in a vehicular accident on September 26, 1974, involving Ursin's motorcycle and a vehicle owned by Mr. Louque and operated by Kelly Oubre, a minor at the time of the accident. By amended petition, Ursin added Aetna Casualty & Surety Company (hereafter, "Aetna"), the automobile liability insurer of Coleman Oubre, as a co-defendant. In its answer, Aetna admits coverage of Coleman Oubre but avers that Kelly Oubre is not covered by the policy. Thereafter, the trial court rendered summary judgment (without written reasons) in favor of Aetna, dismissing Ursin's suit as to Aetna only, from which Ursin suspensively appeals.
Ursin's contentions emphasize that Coleman Oubre was the legal administrator of the estate of Kelly Oubre, and, thus, responsible for her alleged tortious conduct under LSA-C.C. Arts. 146, 2317 and 2318. However, this issue is not properly before us. The motion for summary judgment and the decree granting the motion were specifically limited to Ursin's claim vis-a-vis Aetnanot Coleman Oubre. The focus of the trial judge's attention was, necessarily, directed toward and limited to the automobile liability insurance contract and its provisions. Thus, the issue presented then and now is whether Kelly Oubre was an insured within the terms of the policy. The potential individual liability vel non of Coleman Oubre is without the scope of our review.
The insurance policy issued by Aetna provides that "a relative" of the named Insured (i. e. Coleman H. Oubre) driving a "non-owned" automobile is also an insured for the purpose of coverage. Moreover, under a section entitled "DEFINITIONS," we find the following:
"`Relative' means a person related to the named Insured by blood, marriage or adoption, who is a resident of the same household, provided neither such relative nor his spouse owns a private passenger automobile."
The question thereby becomes whether or not Kelly Oubre, who undoubtedly is a relative, could be considered "a resident of the same household" as the named insured, Coleman Oubre.
The record shows that approximately two months prior to the accident on September 26, 1974, Kelly Oubre's parents were physically separated, with Coleman Oubre acquiring a separate home apart from Kelly and her mother. A petition for separation was filed by Marie Louis Oubre, Kelly's mother, on August 7, 1974, and on August 8, 1974, Mrs. Oubre was granted the provisional custody over Kelly. Thereafter, on September 23, 1974, after trial, judgment *1191 was rendered pursuant to a stipulation between Mr. and Mrs. Oubre, awarding Kelly's mother, Mrs. Oubre, "care, custody and control" of Kelly and condemning Mr. Oubre to pay child support and alimony pendente lite. The judgment further ordered that Coleman Oubre pay "liability and collision insurance for plaintiff's community vehicle." Three days later, September 26, 1974, Kelly, who was living with her mother pursuant to the court's decree, was involved in an accident while driving her grandfather's car.
In Taylor v. State Farm Mutual Automobile Ins. Co., 248 La. 246, 178, So.2d 238 (1965), the phrase "a relative of the named Insured who is a resident of the same household" was held to cover Daniel Taylor's father in Arkansas although Daniel lived and worked with his uncle in Louisiana, thus allowing plaintiff to sue the insurer of Daniel's father due to the tortious conduct of Daniel.
Manuel v. American Employers Ins. Co., 228 So.2d 321 (La.App.3rd Cir., 1969), involved a 24-year-old plaintiff who sued his father's insurer under an uninsured motorist provision which required that he be a "resident of the same household" as his father in order to maintain coverage. At the time of the accident, the plaintiff was renting an apartment near the college he was attending approximately 40 miles from his father's home. However, most of his clothes and possessions were kept at his father's home, to which the plaintiff returned on weekends and vacations. In fact, plaintiff was injured while living at home with his father on a weekend. Additionally, his mailing address was at his father's home and plaintiff testified that he regarded his father's house as his home. The appellate court found no error in the trial court's finding that the plaintiff was a resident of his father's household for the purposes of the policy coverage.
In Fidelity General Ins. Co. v. Ripley, 228 So.2d 238 (La.App.3rd Cir., 1969), writs ref. 255 La. 248, 230 So.2d 94, the minor defendant, Donald Ripley, was living with his mother in Midland, Louisiana, although he had clothes at his father's home in Lake Charles, Louisiana. Donald's parents had not been legally separated nor had either of them been awarded legal custody over Donald. However, he visited his father on numerous occasions and since Donald "was for all legal intents and purposes under the complete control of his father . . .", he was found to be a "resident of the household" of his father.
Here, the trial judge has orally indicated his reliance upon Chapman v. Allstate Ins. Co., 306 So.2d 414 (La.App.3rd Cir., 1975), in granting summary judgment. In that case, plaintiff sued under an uninsured motorist provision of his own automobile policy for the death of his son, which had resulted from a fatal automobile collision with an uninsured motorist. The issue was whether Carl Chapman was an "insured" under a policy issued to his father. Prior to the accident, Carl's mother was awarded custody of Carl by divorce decree. Hence, Carl lived with his mother in Ville Platte up to the time of his demise. As in this case, the policy provided coverage for "relatives" of the named insured ". . . while residents of the same household . . .." In affirming the summary judgment of the trial court, the Third Circuit Court of Appeal stated:
"In the case before us we have no doubt that Carl Chapman was a legal resident of his mother's household in Ville Platte at the time of the accident. Mrs. Chapman had been given custody in the Florida divorce proceeding and Carl was actually residing in her household at the time of the accident.
* * * * * *
"In this case, Carl cannot be considered a legal resident of his father's household as there was a change of status by law. When the Florida court awarded custody to Mrs. Chapman, Carl, as an unemancipated minor, became a legal resident of his mother's household and was no longer a legal resident of his father's household.
* * * * * *

*1192 "We conclude that Carl was not a resident of the same household as his father and that the trial judge properly rendered summary judgment in favor of the defendant."
We find Kelly Oubre not to have been "insured" under the automobile liability insurance policy issued by Aetna to Coleman Oubre. Accordingly, we affirm the judgment.
AFFIRMED.