347 So.2d 878 (1977)
Michael A. O'BANION, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE CO. et al., Defendants-Appellees.
No. 6016.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1977.
Pharis & Pharis by F. Jean Pharis, Alexandria, for plaintiff-appellant.
Provosty & Sadler by Albin A. Provosty, Gold, Hall, Hammill & Little by John Simon, Alexandria, for defendants-appellees.
Before HOOD, FORET and HEARD, JJ.
*879 HOOD, Judge.
Michael A. O'Banion, individually and as administrator of the estate of his minor son, Garth D. O'Banion, seeks to recover damages for personal injuries sustained by young O'Banion when a motorcycle he was riding collided with an automobile being driven by Mrs. Verance A. Johnson. Defendants are Mrs. Johnson and her husband, Henry P. Johnson, Allstate Insurance Company and Safeco Insurance Company of America. A summary judgment was rendered by the trial court dismissing the suit as to defendant Safeco. Plaintiff appealed.
The issue presented is whether plaintiff is entitled to recover from Safeco under the uninsured motorists coverage provided in an automobile liability policy which Safeco had issued to plaintiff.
The accident occurred on October 26, 1974. Plaintiff alleges that it was caused solely by the negligence of Mrs. Johnson. Garth D. O'Banion sustained serious injuries as a result of that accident.
At the time of the collision, there was in effect an automobile liability policy issued by Allstate to Henry P. Johnson, insuring the automobile involved in the accident, and providing liability coverage for bodily injury sustained by one person up to a maximum of $10,000 per occurrence. Mrs. Johnson was an insured under that policy.
There also was in effect at that time an automobile liability policy issued by Safeco to plaintiff O'Banion, insuring two automobiles owned by the insured, and providing uninsured motorist coverage up to $5,000 for each person per occurrence, on each of the two insured automobiles. By stacking the coverages, the Safeco policy provided uninsured motorist coverage up to a maximum of $10,000 per person for each accident.
Plaintiff alleges that the damages which he and his son sustained as a result of the above accident are in excess of $10,000, and that his claim thus will exhaust the limits of the liability policy which Allstate issued to defendant Johnson.
The policy which Safeco issued to O'Banion was issued originally on January 6, 1974, for a term of six months, ending July 6, 1974. On or about the last mentioned date, the policy was renewed or extended to provide the same coverage for another term of six months, from July 6, 1974, through January 6, 1975.
At the time the above policy was issued by Safeco, and at the time it was extended for an additional term of six months, the policy was governed, in part, by LSA-R.S. 22:1406 D(2)(b), as amended by Act 137 of 1972. That section of the Revised Statutes, as amended in 1972, provided:
"(b) For the purposes of this coverage the term `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the uninsured motorist coverage carried by an insured." (Emphasis added)
After the policy had been renewed or extended by Safeco, the above section of the Revised Statutes, LSA-R.S. 22:1406 D(2)(b), was amended again, this time by Act 154 of 1974, which amendment became effective on July 31, 1974. After that amendment became effective, the cited section of the Revised Statutes, as amended by the 1974 act, provided:
"(b) For the purposes of this coverage the term uninsured motor vehicle shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by an insured and/or the passengers in the insured's vehicle at the time of an accident, as agreed to by the parties and their insurers or as determined by final adjudication." (Emphasis added).
The accident involved here occurred on October 26, 1974. It is apparent, therefore, that Safeco issued and renewed its policy to O'Banion before the 1974 amendment to LSA-R.S. 22:1406 D(2)(b) became effective. The accident occurred while the policy was *880 in effect, but after the 1974 amendment to that section of the Revised Statutes had become effective.
The important and determining question presented here is whether LSA-R.S. 22:1406 D(2)(b) must be applied as that statute was worded after the 1974 amendment became effective, or whether it should be applied as it was worded when the policy was issued, that is, before the 1974 amendment became effective.
Plaintiff contends that the statute, as amended in 1974, is applicable. He argues that the Johnson automobile is an "uninsured motor vehicle," as that term is used in the Safeco policy, since the liability coverage on it is less than the amount of damages suffered by plaintiff and his son. Defendant Safeco contends that LSA-R.S. 22:1406 D(2)(b), as worded prior to the 1974 amendment, governs plaintiff's claim in this instance. It argues that the Johnson car is not an "uninsured motor vehicle" under the Safeco policy, because the liability coverage on that automobile was equal to, and thus was not less than, the uninsured motorist coverage carried by O'Banion.
An issue similar to the one which is before us here was presented in Lorio v. Safeco Insurance Co., 316 So.2d 744 (La.App. 1 Cir. 1975), and in Lindsey v. Aetna Casualty & Surety Co., 324 So.2d 842 (La.App. 2 Cir. 1975).
In Lorio, supra, the policy was issued to plaintiff on November 15, 1972. LSA-R.S. 22:1406 D(2)(b) was amended by Act 137 of 1972, and that amendment became effective on January 1, 1973. The accident occurred on March 3, 1973. The First Circuit Court of Appeal held that the 1972 amendment could not be construed so as to change the terms and conditions of the policy which was issued before the amendment became effective.
The same amendment was involved in Lindsey, supra. There the policy was issued on October 20, 1972, and the accident occurred on October 15, 1973. The Second Circuit Court of Appeal held that the 1972 amendment to LSA-R.S. 22:1406 D(2)(b), which became effective on January 1, 1973, could not be construed to affect the policy which was issued before the effective date of that amendment.
We agree with the reasons assigned and the results reached by the reviewing courts in Lorio and Lindsey, supra.
A substantive law is presumed to be prospective in effect, and it should not be applied retroactively unless the language used by the Legislature shows a clear intent that it should be given a retroactive effect. Louisiana Insurance Guaranty Association v. Guglielmo, 276 So.2d 720 (La.App. 1 Cir. 1973). The provisions of Act 154 of 1974, amending LSA-R.S. 22:1406 D(2)(b), are substantive in nature, and we find no language in that statute which indicates that the Legislature intended for it to be applied retroactively. In the absence of an agreement to the contrary by the parties to the contract, therefore, we think the 1974 amendment to the above section of the Revised Statutes does not govern an insurance policy issued before the effective date of that amendment.
Plaintiff's argument here is that Act 154 of 1974 had the effect of amending the insurance contract which previously had been entered into between Safeco and O'Banion. The amendment, if applied to that policy, would give the insured added benefits which he did not expect to receive, which the insurer did not agree to pay, and for which no premiums were paid. If we should hold that the policy was amended by the 1974 act, our holding would impair the obligations of that contract by imposing a more onerous obligation on the insurer than either party contemplated or agreed to when the policy was issued. We believe that applying that act retroactively to the Safeco policy, which was entered into before the act became effective, would violate Article 1, Section 23, of the Louisiana Constitution of 1974, which provides:
"No bill of attainder, ex post facto law, or law impairing the obligation of contracts shall be enacted."
We are aware of the fact that in Richard v. Zurich Insurance Company, 318 So.2d 83 *881 (La.App. 3 Cir. 1975), and in Doucet v. Insurance Company of North America, 302 So.2d 731 (La.App. 3 Cir. 1974), we indicated in each case that a cause of action would have existed under Act 154 of 1974 if that act had been in existence at the time the accident occurred. Our statements to that effect constituted dicta in each instance, since it was not necessary for a disposition of those cases to rule on that question. We have decided that we erred in expressing that view in each of those cases. We believe that the law was correctly applied in Lorio and in Lindsey, supra.
Our conclusion is that Act 154 of 1974 cannot be applied retroactively to insurance policies which were issued before the effective date of that act. We thus find no error in the judgment of the trial court which dismissed the instant suit as to defendant Safeco.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.