356 So.2d 1129 (1978)
Warren L. BUTLER, Plaintiff-Appellant,
v.
MFA MUTUAL INSURANCE COMPANY et al., Defendants-Appellees.
No. 13494.
Court of Appeal of Louisiana, Second Circuit.
February 20, 1978.
Rehearing Denied April 4, 1978.
Writ Refused May 12, 1978.
*1130 Skeels, Baker & Coleman by Ben E. Coleman, Shreveport, for Warren L. Butler, plaintiff-appellant.
Mayer, Smith & Roberts by Caldwell Roberts, Shreveport, for Government Employees Ins. Co., defendant-appellee.
Before PRICE, HALL and MARVIN, JJ.
En Banc. Rehearing Denied April 4, 1978.
PRICE, Judge.
This appeal arises out of a multiplicity of consolidated actions resulting from a threecar collision in which five persons were killed and one seriously injured. Two of the cars, referred to as the Barnett and Collins vehicles, were racing on the Pinehill Road in Caddo Parish after dark, and as Barnett was attempting to pass Collins on the crest of a hill, the Barnett car collided head-on with a third vehicle proceeding in the opposite direction.
Plaintiff, Warren L. Butler, whose sixteen-year-old daughter, Sabrina, was a passenger in the Barnett vehicle, brought suit for damages for her death against the owners of the Barnett and Collins automobiles and their liability insurers. Plaintiff also sued his insurer, Government Employees Insurance Company, under the uninsured *1131 motorist provisions of the liability policy covering two automobiles owned by him.
The suit was consolidated with four other actions relating to the same accident, and after trial, judgment was rendered in plaintiff's favor for $16,900.75 against the owners of the Barnett and Collins vehicles and their liability insurers. Because the awards for the multiple plaintiffs exceeded the total liability insurance on the Barnett and Collins vehicles, the court prorated the proceeds resulting in plaintiff receiving a recovery of $6,004.57. Plaintiff's demands against his insurer, GEI Co., for the balance of his damage under the uninsured motorist coverage were rejected on a finding that Sabrina was not an insured under the policy definition.
Plaintiff has appealed from the judgment denying his claim against GEI Co., and this is the only matter before us for review. For the reasons discussed herein we reverse and award judgment for plaintiff.
There are three defenses raised by GEI Co. to plaintiff's action against it:
1) Sabrina Butler is alleged to have been guilty of contributory negligence or to have assumed the risk of harm by failing to protest to the driver of the Barnett vehicle concerning the manner of his driving.
2) GEI Co. contends that since custody of Sabrina was awarded to her mother after a divorce from plaintiff, she is not covered under the uninsured motorist provision of her father's insurance policy as the policy definition of this term only includes a spouse or relative "while residents of the same household."
3) GEI Co. also contends the Barnett and Collins automobiles were not "uninsured motor vehicles" within the purview of the uninsured motorist statute in effect at the time the policy of insurance was issued.

CONTRIBUTORY NEGLIGENCE AND ASSUMPTION OF THE RISK
The trial judge found no negligence on the part of any of the passengers in the Barnett vehicle. The burden is on defendant to show that plaintiff's daughter had an opportunity to make an effective protest which would have prevented the accident. The evidence is insufficient to carry this burden to support either a plea of contributory negligence or assumption of the risk. A very short period elapsed from the time the two drivers met and accelerated to a high rate of speed until the accident occurred. The trial court correctly rejected these defenses.

WAS SABRINA AN INSURED UNDER THE POLICY?
Plaintiff and his wife were divorced out of state in 1964, and the custody of Sabrina and her sister was awarded to the wife. Plaintiff thereafter moved to Shreveport and bought a home at 1105 Englemead Street and moved his divorced wife and children into this residence. He rented a room at another address and allowed his family to have full use of his property. He paid the mortgage payments, personally maintained the yard, and occasionally stayed overnight with the children when his former wife was out of town. He also furnished Sabrina and another daughter a Volkswagen automobile to drive which was kept at the Englemead address. The Volkswagen and a Pontiac used by plaintiff are the two vehicles insured by GEI Co. under a family automobile policy with liability coverage of $50,000/$100,000, and uninsured motorist coverage on each vehicle of $5,000/$10,000.
GEI Co. contends the policy language precludes coverage of Sabrina because she was not "a resident of the same household" with plaintiff after her custody was awarded to her mother following the divorce. Defendant relies on the decisions in Ursin v. Oubre, 343 So.2d 1189 (La.App. 4th Cir. 1977), and Chapman v. Allstate Insurance Company, 306 So.2d 414 (La.App. 3rd Cir. 1975), which interpreted similar provisions of an automobile liability policy to deny coverage. These were cases where coverage on minor children was disputed by their *1132 father's insurer since the children were in the legal custody of the mother pursuant to a divorce or separation decree.
These cases are factually distinguishable from the instant situation. In Ursin and Chapman the child lived in a residence provided solely by the mother to whom custody had been awarded. The courts in Ursin and Chapman in construing the provision "a resident of the same household" to deny coverage gave emphasis to the "legal residence" of a minor following a custody award.
Here the subject child was residing in her father's home. The critical factor is whether plaintiff was also a resident of the same household. The evidence shows he exercised such dominion and control over the property to justify a finding that it continued to be his legal residence even though he spent most nights in a rented room at another address. He was the owner of the property, filed a homestead exemption from taxes on it, provided all upkeep and maintenance. A substantial amount of his time was spent there with Sabrina and his other daughter. Under these circumstances, plaintiff and his deceased daughter should be considered members of the same household to afford coverage under the uninsured motorist provisions of the policy. This result is in accord with the intent of the uninsured motorist statute and has not increased the risks without additional premium to the insurer beyond what was anticipated under a family automobile policy.

WERE THE BARNETT AND COLLINS AUTOMOBILES UNINSURED MOTOR VEHICLES?
GEI Co. contends that as the Barnett car was covered by liability limits of $15,000/$30,000, and the Collins vehicle carried limits of $10,000/$20,000, these vehicles were not "uninsured" in accord with the uninsured motorist statute in effect at the time of the issuance of plaintiff's policy on July 6, 1974. This statute, Act 137 of 1972, defined an "uninsured motor vehicle" to include an insured vehicle when the liability insurance on it was less than the uninsured motorist coverage carried by an insured. Plaintiff contends the vehicles were uninsured for two reasons: 1) That Act 154 of 1974 became effective prior to the accident sued upon, and it provides that a motor vehicle is uninsured when the automobile liability insurance coverage on it is less than the amount of damages suffered by an insured or passengers in his vehicle; furthermore, the statute requires all policies issued afford uninsured motorist coverage equal to the liability coverage unless the policy holder selects a lesser coverage. 2) That even should Act 154 of 1974 not be given retroactive effect, the Barnett and Collins vehicles were uninsured under the 1972 statute because the net recovery of plaintiff from proceeds of the liability insurance under the court proration was less than the uninsured motorist coverage provided by the GEI Co. policy.
The first contention of plaintiff concerning the retroactive effect of Act 154 of 1974 has been resolved adversely to him. The recent jurisprudence on this question holds the amendments to the uninsured motorist statute have no retroactive effect on policies issued prior to the effective date of the act. See Doucet v. Insurance Company of North America, 302 So.2d 731 (La.App. 3rd Cir. 1974); Lindsey v. Aetna Casualty and Surety Company, 324 So.2d 842 (La. App. 2d Cir. 1975); Fontenot v. Guillory, 327 So.2d 578 (La.App. 3rd Cir. 1976).
Plaintiff's second position should be resolved to afford him recovery. GEI Co. contends that since the liability coverage on the Barnett and Collins vehicles was equal to or more than the uninsured motorist coverage carried by plaintiff, that under the 1972 amendment to the statute, and the policy provision which tracks the language of the statute, these vehicles were not uninsured; therefore, plaintiff's uninsured motorist coverage was not effective. A literal and strict reading of the statutory and policy language would support GEI Co.'s contention. Such a result, however, would not be in keeping with the intent and purpose of the uninsured motorist statute. Because *1133 of the multiple claims filed against the insurers of these vehicles, and the court's apportionment of the policy proceeds, the effective liability coverage was less than the uninsured motorist coverage carried by plaintiff. The 1972 amendment of the statute expanded the protection afforded to an insured under the original statute to include damages caused to the insured by underinsured motor vehicles as well as vehicles without liability insurance. It is apparent that the legislature intended the insured should be reimbursed by his own insurer in these instances in the amount at least equal to the uninsured motorist coverage carried by him. Where the liability insurance on the automobile causing the insured's damage is ineffective for any reason to pay to the insured this required amount, then the vehicle should be deemed "uninsured" for the purpose of resolving recovery of uninsured motorist protection. The statute should be construed to mean the effective liability coverage. By giving the statute and policy provision this interpretation, plaintiff is entitled to recover that portion of his damages determined by the trial court ($16,900.75) which was not recoverable from the liability insurance proceeds on the Barnett and Collins vehicles from his uninsured motorist insurer, GEI Co., up to the limits afforded by the policy. As the GEI Co. policy covered two vehicles owned by plaintiff with $5,000/$10,000 uninsured motorist protection for each vehicle, he is entitled to stack these amounts to receive a total coverage of $10,000. See Barbin v. United States Fidelity and Guaranty Co., 315 So.2d 754 (La.1975). Since the judgment awarded plaintiff is $16,900.75, and the net recovery from liability insurance proceeds only amounted to $6,004.57, plaintiff is entitled to the maximum coverage of $10,000 under his uninsured motorist coverage against GEI Co.
For the foregoing reasons, the judgment appealed is reversed in so far as it rejected plaintiff's demands against Government Employees Insurance Company, and it is ordered, adjudged, and decreed that there be judgment in favor of plaintiff, Warren L. Butler, against Government Employees Insurance Company in the sum of $10,000 together with legal interest from date of judicial demand. Costs of this appeal are assessed to appellee.