EDWARDS, Judge.
This is an appeal by Richard Miles Schori from a judgment of the trial court which dismissed his action en desaveu on a peremptory exception urging the objections of peremption and/or no cause of action.
On June 21, 1977, Schori filed a petition, styled “Petition for Disavowal of Paternity,” seeking to disavow Kristina Pounds (Schori) as his child. The petition alleges that Schori and defendant, Janet Pounds Schori (also referred to as Janet Lynn Pounds), were married on June 10, 1967, and that a child named Kristina was born to the defendant, his wife, on July 22, 1976. Schori also alleges that he did not cohabit with the defendant at a time when she could have conceived the child, and that he believes that the child is not his. Schori *1091 further alleges that he filed a petition for separate maintenance and determination of paternity on October 29, 1976, in the State of Oklahoma, which suit for disavowal was subsequently dismissed due to lack of jurisdiction, and that he is entitled to a hearing on the question of paternity under the laws of Louisiana.
An attorney was appointed to represent the minor child. Subsequently, Mrs. Schori filed various exceptions including a peremptory exception urging the objections of per-emption, no cause of action and/or prescription.
Schori opposed these objections, contending that the time limitation for a disavowal action is prescription and that the prescriptive period was interrupted under LSA-R.S. 9:5801 by the suit in Oklahoma combined with service on the defendant. Scho-ri argues that this suit is therefore timely.
The trial court held that the time limitation governing the institution of the disavowal action is peremption rather than prescription, and that the peremptive period and the underlying cause of action had expired prior to the filing of the instant suit. Accordingly, the trial court sustained the peremptory exception and dismissed Scho-ri’s suit.
On appeal Schori urges anew the contentions raised in the trial court, namely: 1) the applicable time limitation is prescription; and 2) the prescriptive period was interrupted by service on the defendant under LSA-R.S. 9:5801.
Preliminarily, we note that at the time the child was born the delay during which an action for disavowal could be brought was fixed by LSA-C.C. art. 191, which was subsequently amended along with other co-dal articles in the section on disavowal by La.Acts 1976, No. 430, sec. 1 (effective October 1, 1976). The substance of article 191 is contained presently in LSA-C.C. art. 189. For the purposes of this suit however, the law prior to the amendment is applicable inasmuch as Act 430 of 1976 affects substantive rights, and its language does not require its retroactive operation or indicate that the Legislature intended for it to be applied other than prospectively.[1] O’Banion v. Allstate Insurance Co., 347 So.2d 878 (La.App. 3rd Cir. 1977); LSA-C.C. art. 8.
LSA-i-C.C. art. 191 provided:
“In all the cases above enumerated, where the presumption of paternity ceases, the husband of the mother, if he intends to dispute the legitimacy of the child, must do it within six months from the birth of the child, if he be in the parish where the child is born, or within six months after his return, if he be absent at that time, or within six months after the discovery of the fraud, if the birth of the child was concealed from him; or he shall be barred from making any objection to the legitimacy of such child.”
We have not been cited nor have we found through our independent research any case in which the instant issue was presented for review. Schori points to two cases, Kuhlman v. Kuhlman, 137 La. 263, 68 So. 604 (1915) and Feltus v. Feltus, 210 So.2d 388 (La.App. 4th Cir. 1968), to support his contention that article 191 is prescription. He notes that the courts employed the term “prescription” in connection with article 191. However, the distinction between peremption and prescription was not at issue in either case, and we do not view either case as persuasive authority for labeling the time limitation as prescription.[2]
The Supreme Court in Succession of Pizzillo, 223 La. 328, 65 So.2d 783, 786 (1953) stated:
“The difference between prescription and peremption is that the former simply bars the remedy whereas, in the latter, time is made of essence of the right granted and a lapse of the statutory peri *1092 od operates as a complete extinguishment of the right. (Citations omitted.) Per-emption admits of no interruption or suspension; performance of the required act must be accomplished within the specified time or else the right of action no longer exists.”
See also Ancor v. Belden Concrete Products, Inc., 260 La. 372, 256 So.2d 122 (1971).
In Succession of Saloy, 44 La.Ann. 433, 10 So. 872, 875 (1892), it was observed:
“The action en desaveu belongs only to certain persons exactly determined; that is, the husband and his heirs. It belongs neither to the mother nor to her heirs. This action is limited to a fatal delay, and very short, after which it is extinguished by the renunciation, express or tacit, which is made by the husband or his heirs.” (emphasis supplied).
This language indicates clearly that the court considered the time limitation as per-emption. Indeed, the French commentators, in discussing the comparable article in French law (C.N. Article 316), recognized that the delay was not a prescription but rather was a short pre-established delay entailing forfeiture[3] during which the action must be brought or the party is foreclosed from asserting it effectively. See 1 Planiol, Civil Law Treatise, pt. 1, nos. 1451 and 1457 (La.St.L.Inst. transí. 1959) and 2 Planiol, Civil Law Treatise, pt. 1, nos. 704 and 706 (La.St.L.Inst. transí. 1959).
We are convinced that the time limitation of our article 191 is likewise peremption. After the lapse of this delay, the cause of action is extinguished.
The child in the instant case was born on July 22, 1976. There is nothing in the pleadings or record to suggest that the time limitation commenced at any date other than the date of the child’s birth. Consequently the six month peremptive period hád elapséd and the cause of action to disavow the child had extinguished prior to the institution of the instant case on June 21, 1977.
The trial court was correct in sustaining the peremptory exception and dismissing Schori’s suit.
In view of our holding above, we need not and do not reach the question of whether a suit in a court of another state, which lacks jurisdiction, together with service can constitute an interruption of prescription under LSA-R.S. 9:5801.
For the above reasons, the judgment appealed is affirmed at appellant’s cost.
AFFIRMED.

. We would nonetheless reach the same result if we were to apply the codal article as amended.

. Compare McClendon v. State, Department of Corrections, 357 So.2d 1218 (La.App. 1st Cir. 1978) and the prior confusion concerning the same issue in the context of a wrongful death action.

. The Supreme Court recognized recently in Flowers, Ine. v. Rausch, 364 So.2d 928, 931 (La.1978), that “peremption is a common law term which has crept into our jurisprudence (and) its counterpart in the civil law is really ‘forfeiture.’ ’’