394 So.2d 684 (1981)
John C. THIBODEAUX, Plaintiff-Appellee-Appellant,
v.
Alex OLIVIER and Fireman's Fund Insurance Company, Defendants,
Commercial Union Insurance Company, Defendant-Appellant-Appellee.
No. 7730.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1981.
*685 Sandoz, Sandoz & Schiff, Leslie J. Schiff, Opelousas, for plaintiff-appellant.
Lewis & Lewis, James C. Lopez, Opelousas, for Commercial Union Ins. Co.
Olivier & Brinkhaus, John L. Olivier, Sunset, Schiff, Opelousas, Voorhies & Labbe, Richard D. Chappuis, Jr., Lafayette, for Alex Olivier and Fireman's Fund Ins. Co.
Before FORET, SWIFT and DOUCET, JJ.
FORET, Judge.
John C. Thibodeaux (Plaintiff) instituted this tort action to recover damages for personal injuries he suffered in a collision between a truck and a farm tractor. The defendants are Alex Olivier and his liability insurer, Fireman's Fund Insurance Company (Fireman's). Plaintiff later amended his petition to add as defendant, Commercial Union Insurance Company (Commercial), which provided uninsured motorist (U.M.) coverage under a policy issued to plaintiff. Commercial answered the petition and made a third party demand against Alex Olivier to recover amounts it had paid or might have to pay to plaintiff.
The trial court rendered judgment in favor of plaintiff on his main demand and in favor of Commercial on its third party demand. These two parties bring this appeal and raise two issues.
(1) Whether plaintiff is entitled to "stack" the U.M. coverages under his policy issued by Commercial, and
(2) Whether Commercial is entitled to reimbursement or subrogation to recover the amounts it has paid or will have to pay plaintiff.

FACTS
Plaintiff was injured on June 11, 1978, when the tractor he was riding was struck from the rear by a motor vehicle driven by Daniel Olivier, the minor son of Alex Olivier. The accident resulted in the amputation of plaintiff's left leg below the knee.
Plaintiff instituted this action on July 10, 1978, alleging that the sole and proximate cause of the accident was the negligence of Daniel Olivier. Trial of this matter was held on June 28, 1979, and the trial court rendered judgment on October 3, 1979. The judgment awarded plaintiff the sum of $103,544.93 in damages against Alex Olivier, *686 individually, and in solido with Fireman's up to its policy limits of $5,000.00. Alex Olivier and Fireman's brought no appeal, therefore the judgment against them is final.
The trial court also rendered judgment against Commercial and set its limit of liability at $50,000.00. Commercial appeals from that part of the judgment.
"STACKING INSURANCE COVERAGE"
Commercial issued a family automobile policy to plaintiff on July 31, 1977, which provided coverage against uninsured or underinsured motorists. The policy listed two vehicles, a 1976 GMC and a 1978 Chevrolet as "owned automobiles" insured, and limits of U.M. coverage were set at $25,-000.00 for each person and $50,000.00 for each accident.
The trial court allowed plaintiff to "stack" the U.M. coverage for each vehicle with the effect that Commercial's limit of liability for each person (here, the plaintiff) was set at $50,000.00. Commercial contends that the trial court erred and raises the issue of whether plaintiff is entitled to "stack" the U.M. coverages of his policy.
Commercial presents two factors upon which it bases its contention. First, the policy itself contains a provision against "stacking". Second, the enactment by the legislature of Act 623 of 1977, popularly known as the "anti-stacking" statute.
Plaintiff counters by citing the case of Barbin v. U. S. Fidelity and Guaranty Company, 315 So.2d 754 (La.1975) for the proposition that an "anti-stacking" clause in an insurance policy is void as being in derogation of LSA-R.S. 22:1406 which requires that an insurer provide U.M. coverage in certain limits for each insured vehicle. We find that Barbin v. U. S. Fidelity and Guaranty Company, supra, has been legislatively overruled by LSA-R.S. 22:1406(D)(1)(c) which reads:
"(c) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(1), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recover under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant." (Emphasis provided.)
This subsection was added by Act 623 of 1977, effective September 9, 1977. Plaintiff cites Manuel v. American Indemnity Company, 368 So.2d 1200 (La.App. 3 Cir. 1979), arguing that this Court there refused to retroactively apply LSA-R.S. 22:1406(D)(1)(c). However, that case can be distinguished from the case before us in that the accident in Manuel v. American Indemnity Company, supra, occurred before Act 623 of 1977 became effective.
Here, plaintiff was injured on June 11, 1978, and it was on that date that his cause of action arose. Act 623 of 1977 had been effective for some nine months prior to that date and plaintiff's cause of action is governed by that statute.
Plaintiff also cites O'Banion v. Allstate Insurance Company, 347 So.2d 878 (La.App. 3 Cir. 1977) and argues that in that case this *687 Court refused to give effect to an amendment of a statute which became effective after an insurance policy had been issued but before the accident occurred. We did so because we found that to give effect to the amendment would result in changes in the terms and conditions of the policy which was issued before the amendment became effective. Here, no change will be made in the terms and conditions of the policy by Act 623 of 1977, as the policy contains a clause specifically prohibiting "stacking" (in effect, the statute actually codifies the policy provision). Further, to apply Act 623 of 1977 to the facts before us will in no way result in the impairment of any party's obligation or rights under the contract of insurance.
We hold that the trial court erred in allowing the plaintiff to "stack" the U.M. coverages of his policy with Commercial and that Commercial's limit of liability is $25,000.00.

REIMBURSEMENT
The trial court rendered judgment in favor of Commercial on its third party demand against Alex Olivier and held it subrogated to all rights of the plaintiff against Alex Olivier to the extent of $50,-000.00. The question is whether Commercial is entitled to reimbursement or subrogation to recover the amounts it has paid or will have to pay the plaintiff.
Plaintiff argues that Niemann v. Travelers Insurance Company, 368 So.2d 1003 (La. 1979) is controlling and it is his position that the rule of that case is that LSA-R.S. 22:1406(D)(4) provides neither subrogation nor reimbursement to the underinsured motorist carrier. We have reviewed that opinion of the Supreme Court and find that it offers no support for plaintiff's position. LSA-R.S. 22:1406(D)(4) provides that:
"(4) In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer."
Our Supreme Court recognized this right of reimbursement in Niemann v. Travelers Insurance Company, supra, when it stated at page 1007 that:
"On the basis alone of statutory interpretation, we find that the UM insurer has no right under R.S. 22:1406D(4) other than the right to reimbursement from such proceeds, if any, that the insured in fact recovers from the underinsured tortfeasor."
This Court also recognized this right to reimbursement in Bond v. Commercial Union Assurance Companies, 387 So.2d 617 (La.App. 3 Cir. 1980) where we stated on page 620 that:
"The Supreme Court pointedly and emphatically pronounced that 22:1406D(4) imparts to the uninsured motorist insurer no subrogation rights. The only rights which the uninsured motorist insurer does have is the right to reimbursement from the insured and not from the tort-feasor."
Accord: McGrew v. State Farm Mutual Automobile Insurance Company, 385 So.2d 1276 (La.App. 3 Cir. 1980).
The above statute and jurisprudence clearly give no right of subrogation to an insurer who must pay for damages or injury to an insured based on U.M. coverage, and it was error for the trial court to recognize a right of subrogation in favor of Commercial. Commercial is only entitled to reimbursement from the proceeds of the judgment obtained by plaintiff against Alex Olivier which plaintiff actually receives. Reimbursement is to be to the extent of Commercial's payment to plaintiff under the U.M. coverage of the policy.
For the above and foregoing reasons, the judgment of the trial court is affirmed as against Alex Olivier and Fireman's Fund Insurance Company, and amended to reduce Commercial Union Insurance Company's liability *688 to plaintiff under its underinsured motorist coverage to $25,000.00, and further amended to reverse the trial court finding awarding subrogation rights to Commercial, and in lieu of subrogation, to recognize Commercial's right of reimbursement for any amount which plaintiff may recover against Alex Olivier, up to the amount that Commercial has paid or will pay to plaintiff.
Costs of this appeal are assessed equally against Commercial Union Insurance Company and John C. Thibodeaux.
AFFIRMED IN PART, AMENDED IN PART AND RENDERED.