416 So.2d 132 (1982)
Davetta Caughey FARIA and Roy Dunscomb Gregory Caughey, Plaintiffs-Appellees,
v.
Karl Randall SMOAK, State Farm Mutual Automobile Insurance Company, and Casualty Reciprocal Exchange, Defendants-Appellants.
No. 14854.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1982.
Rehearing Denied July 20, 1982.
*133 Bodenheimer, Jones, Klotz & Simmons by James P. Bodenheimer, Shreveport, for Cas. Reciprocal Exchange.
Richie & Richie by John A. Richie & Byron A. Richie, Shreveport, for plaintiffs-appellees.
Lunn, Irion, Switzer, Johnson & Salley by Harry A. Johnson, Jr., Shreveport, for Karl Randall Smoak and State Farm.
Before PRICE, MARVIN and NORRIS, JJ.
Rehearing Denied With Per Curiam, July 20, 1982.
MARVIN, Judge.
The defendant insurer appeals a judgment which effectively stacked uninsured motorist coverage for damages arising out of the wrongful death of plaintiffs' parents in a collision between two motor vehicles that occurred after the effective date of Act 623 of 1977. The policy was written before that Act amended LRS 22:1406(D) (1)(c).[1]
The decedents were the occupants of a van that was one of three vehicles owned by them, each of which was insured under the defendant's policy which declared UM limits of $10,000 per person and $20,000 per accident to two or more persons. Defendants deposited and plaintiffs withdrew $20,000 as UM coverage and this case was submitted by stipulation on the issue of whether or not plaintiffs were entitled to stack UM coverage and recover an additional $40,000.
The statute has been interpreted to deny stacking under such circumstances. Thibodeaux v. Olivier, 394 So.2d 684 (La.App. 3d Cir. 1981) and Hebert v. Breaux, 398 So.2d 1299 (La.App. 3d Cir. 1981). We follow this authority and reverse and render judgment rejecting plaintiffs' demands.
In both Thibodeaux and Hebert, the policy was written before the effective date of Act 623 of 1977 and the accident occurred after. In Thibodeaux, the Supreme Court denied writs, 5-2. 397 So.2d 1360 (La.1981). A five-judge panel of the 3d circuit decided Hebert. Two judges dissented and assigned reasons which essentially are tracked by the argument of the plaintiffs-appellees here.[2] *134 The Supreme Court unanimously denied writs in Hebert. 401 So.2d 986 (La.1981).
At appellees' cost, the judgment appealed is reversed and judgment is hereby rendered rejecting the demands of plaintiffs.

ON RE-HEARING
Before PRICE, HALL, MARVIN, JASPER E. JONES and NORRIS, JJ.
PER CURIAM.
In application for rehearing, plaintiffs complain that we failed to consider their contention that the policy should be "reformed" by eliminating the non-stacking provision in accord with the alleged intent of the parties.
We purposely did not consider this issue because the stipulation upon which this case was submitted to the lower court did not state any facts which would allow us or the lower court to find or to infer the intent of the parties. See footnote two, supra.[1]
Under these circumstances and with this explanation, we deny the application for a rehearing.
NOTES
[1] Section 1406(D)(1)(c), in part, provides that UM coverage "shall not be increased because of multiple motor vehicles covered ... and ... when the insured has insurance available to him under more than one uninsured motorist coverage provision ..."
[2] The provision limiting UM liability (here Part IV (a) of the policy) is identical to the provision in the Hebert policy. The dissents in Hebert reasoned

that the policy should be interpreted under the law in effect when the policy was written;
that Courville v. State Farm Mut. Auto. Ins. Co., 393 So.2d 703 (La.1981), impliedly supported this view;
that the Insurance Code prohibited provisions in policies that were inconsistent with or contradictory to the Code and any language in the policy denying stacking before Act 623 of 1977 should be considered as not written;
that the insured contracted before Act 623 of 1977, contemplating the bargained-for and paid-for right to stack, and
that "retroactive" application of that Act impaired the contractual obligations of the parties.
Plaintiff here additionally argues that the policy should be reformed to reflect the true intent of the parties and, alternatively, that the insurer should be liable to plaintiffs in damages for intentionally including provisions in the policy contrary to and inconsistent with the Insurance Code. These additional issues were not submitted to the lower court by the stipulation and are not considered in this appeal. See Rule IX-A, Uniform Rules, Courts of Appeal.
[1] LA.C.C.P. Art. 2164 allows us to render any judgment which is just, legal, and proper upon the record. This record, however, does not contain any evidence about what the parties intended other than the written contract. Courts cannot presume fraud or mutual error.