417 So.2d 29 (1982)
Richard A. BLOCK
v.
RELIANCE INSURANCE COMPANY.
No. 14852.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
Charles Hanemann, Houma, for plaintiff and appellant.
John Nickerson Chappuis, Lafayette, for defendant and appellee.
Before LEAR, CARTER and LANIER, JJ.
LEAR, Judge.
Plaintiff-appellant, Richard A. Block, was involved in an automobile accident and was severely injured on November 19, 1977. At the time of this accident, plaintiff was driving *30 a vehicle, which was owned by his employer and which was one of at least thirty-four vehicles insured under a fleet policy by defendant, Reliance Insurance Company. Each of these thirty-four separate vehicles was provided with uninsured motorist coverage in the amount of $5,000.00 per person. Plaintiff alleged that the driver of the other vehicle was uninsured or underinsured and sought to "stack" the UM coverages provided by defendant. Plaintiff prayed for judgment against defendant in the amount of $170,000.00.
After a trial on the merits, the court found that the tortfeasor was uninsured at the time of the accident and assessed plaintiff's damages in the amount of $66,000.00. The trial court then determined, however, that plaintiff was not entitled to "stack" the multiple UM coverages provided by defendant, and limited plaintiff's recovery against defendant to the coverage provided for one vehicle, in the amount of $5,000.00. Plaintiff then took this appeal.
The only issue on appeal is whether the trial court was correct in finding that plaintiff was not entitled to "stack" the multiple UM coverages provided under the fleet policy.
The insurance policies at issue contain provisions prohibiting the stacking of multiple UM coverage. Plaintiff is correct in stating that, at the time these insurance policies were issued and prior to September 9, 1977, staking of multiple UM coverages was permitted and thus the policy provisions prohibiting stacking could not be enforced at the time the policies were written. However, Act 623 of 1977 amended LSA-R.S. 22:1406(D). This amendment, popularly known as the "anti-stacking" statute, became effective on September 9, 1977, and prohibited this stacking procedure. While the "anti-stacking" provisions of the policies could not be enforced prior to the effective date of the "anti-stacking" amendment, we do not agree with plaintiff that they were not in fact contained in the agreement between the parties. Thus, when plaintiff's cause of action arose on November 19, 1977, there existed no prohibition in the law which would prevent the "anti-stacking" language in the policies from being enforced. We therefore find no merit in plaintiff's argument that to apply the "anti-stacking" amendment to these insurance policies would result in the impairment of any party's obligation or rights under the contract of insurance.
Prior to the effective date of the "anti-stacking" amendment, the right to stack multiple UM coverages was a statutory right. On September 9, 1977, a change in this statutory right became effective. At the time of this accident, plaintiff had no statutory right to "stack" multiple UM coverages.
On two occasions the third circuit has recently addressed itself to this legal issue. These cases, Hebert v. Breaux, 398 So.2d 1299 (La.App. 3rd Cir.), writ denied, 401 So.2d 986 (La.1981), and Thibodeaux v. Olivier, 394 So.2d 684 (La.App. 3rd Cir.), writ denied, 397 So.2d 1360 (La.1981), involved factual situations identical to this instant case. In both cases, the third circuit found that the insured was not entitled to stack UM coverages, because the policies contained provisions prohibiting stacking and the accidents at issue in each case occurred after the effective date of the "anti-stacking" amendment. In both cases the insured, who was prohibited from stacking the multiple UM coverages, applied for writs to our Supreme Court. As noted above, however, the Supreme Court, in both cases, denied the application for writs.
Because stacking was a statutory right, which was not available to plaintiff at the time his cause of action arose, and the policies contained provisions which prohibited stacking multiple UM coverages, we find that the trial court was correct in holding that plaintiff was entitled to only the policy limit of one of the UM coverages, in the amount of $5,000.00. We are further persuaded of the correctness of this decision by the Supreme Court's refusal to grant writs in the Hebert and Thibodeaux cases.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs on *31 appeal are to be paid by plaintiff-appellant, Richard A. Block.
AFFIRMED.