281 So.2d 183 (1973)
Dianne VINET, Individually and in her capacity as the natural Tutrix of her son, Pierre Vinet
v.
Mr. Alex M. HANO, husband of/and Mrs. Alex M. Hano and State Farm Fire & Casualty Co.
No. 5511.
Court of Appeal of Louisiana, Fourth Circuit.
July 17, 1973.
Rehearing Denied August 21, 1973.
Writ Refused October 12, 1973.
*184 Ward & Murray, Stephen B. Murray, New Orleans, for plaintiff-appellant.
Porteous, Toledano, Hainkel & Johnson, Stephen T. Victory, New Orleans, for defendants-appellees.
Before LEMMON, BOUTALL, and SCHOTT, JJ.
SCHOTT, Judge.
This is an appeal by plaintiff from an order granting a motion for summary judgment filed by State Farm Fire & Casualty Company on the ground that her five-year old son, Pierre, was excluded from coverage under a home owner's policy issued by State Farm to Mr. and Mrs. Hano. The child had been injured on Thursday, April 1, 1971, at about 4:00 P. M. on the Hanos' premises because of alleged negligence on their part.
The policy contains the following:
"Exclusions. This policy does not apply:

* * * * * *
(g) To bodily injury to any insured within the meaning of Parts (1) and (2) of Definition of Insured."
"Definition

* * * * * *
(a) `Insured' means ...
(2) If residents of Named Insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the case of any insured;"
The legal issue is whether the child, the great grandson of the Hanos, was a resident of their household so as to fit under the definition of (a)(2) above and is therefore to be excluded from coverage.
The record consists primarily of depositions of the great grandparents of the child. The child lived with them during the week in order to attend a school nearby, keeping his clothes and some toys at their home, sleeping there every night except on week ends, taking his meals there, and occupying his own room. His mother *185 paid the grandparents to keep him for her and reimbursed them for any other expenses that they incurred on account of the child. The mother picked up the child after school every Friday evening and brought him back on Sunday night except on some occasions when she had picked him up earlier in the week so that he could participate in some function or activity with his mother. This arrangement had existed for a few months prior to the accident here in question. Before this arrangement began the child had intermittently stayed with the Hanos when his mother was ill and the mother's health seemed to be a factor in the choice of a school close to the Hanos. Pierre's younger sister who was not of school age also spent days intermittently with the Hanos when the mother was ill and the younger child was with Pierre on the day of the accident.
In order to resolve the problem we have considered Taylor v. State Farm Mutual Automobile Insurance Company, 248 La. 246, 178 So.2d 238, in which the Supreme Court was called upon to decide whether an unemancipated 19-year old having resided with his parents in Arkansas, accepted his uncle's invitation to live with him in Louisiana, paying his own way, securing employment with his uncle's employer, working under his uncle's supervision, bringing to Louisiana those clothes he needed for work, but visiting his parents in Arkansas when he had time off, remained a "resident of the same household" as his father so as to be insured under his father's family automobile policy. While this case posed a different question than does the instant case several principles were discussed by the Court which apply here: As a minor the plaintiff's domicile was that of his father, but residence and domicile are not synonymous terms. Even though a child might have several residences despite the fact that he has one domicile "the legal residence of an unemancipated minor (with which we are herein concerned) is that of his father unless changed by law." The Court went on to say that:
"The instant policy merely recites `resident' and not `legal resident.' `Whether a person is or is not a resident of a particular place is a question of law and fact, to be determined from all the facts of each particular case, but more isolated facts cannot be relied on wholly to determine the question.' 77 C.J.S. Resident p. 307."
The Court also discussed at length the meaning of the word "household" and concluded that the minor was a legal resident of his father's household in Arkansas and was likewise under the facts a resident of his father's household in the broader sense.
There can be no doubt that in the instant case the legal residence of this 5-year old child remained with his mother who was his natural tutrix and could not be with his great grandparents. The record also tends to show that the child was not a resident of the Hanos' household in a broader sense. The arrangement his mother had made was strictly an accommodation in connection with his attendance at school. His staying with his great grandparents was for a limited purpose. A different result might follow if the purpose of the child's being with his grandparents was to provide him with a different living environment as opposed to that which prevailed at his home. If his mother arranged for him to live with the grandparents in order to provide him with a home it might perhaps be said that he was a resident of the grandparents' household, but under the circumstances the purpose was limited to provide him with a convenient place to stay during the week and not a place to live.
It should be emphasized here that the policy exclusion does not depend simply upon the interpretation of the word "resident" standing alone but, rather, in the context, "residents of Named Insured's household," so that for the exclusion to apply *186 we would have to conclude that the child and his great grandparents together formed a "household." As the word "household" normally connotes a number of persons who dwell together as a family we cannot conclude that the exclusion applies on the basis of the record before us.
Additionally, the law is clear that any ambiguities in the provisions of an insurance policy are construed in favor of the insured and against the insurer, and surely the word "resident" is susceptible to the charge of ambiguity as stated at 77 C.J.S. Resident p. 305:
"The word `resident' is in common usage, and many definitions of it are to be found in the decisions. It is, nevertheless, difficult to give an exact, or even a satisfactory, definition, for the term is flexible, elastic, slippery, and somewhat ambiguous."
In Harrison v. Commission Council of Bogalusa, 169 So.2d 159 (La.App. 1st Cir. 1964) it was said that:
"The word `residence' although in common usage is nevertheless nebulous in meaning, has many definitions and is difficult of exact or satisfactory interpretation inasmuch as the term is flexible and somewhat obscure and ambiguous."
In addition to these authorities, we have become convinced of the ambiguity of the term "resident" upon consideration of such discussions as those contained in 43 Am.Jur.2d, Ins.Sec. 315, and the comprehensive annotation beginning at 78 ALR 2d 1404.
Since this legal issue was resolved by the trial court on a motion for summary judgment we must consider whether there is any factual issue to be resolved after an examination of the record. LSA-C.C.P. Art. 966. The burden of proof is such that all reasonable doubt must be resolved against the party moving for summary judgment. Latter & Blum Inc. v. Von Ruekfrang, 249 So.2d 229 (La.App. 4th Cir. 1971)
We conclude that State Farm has not shown beyond reasonable doubt that the child, Pierre Vinet, is included within the definition of insured under the terms of State Farm's policy so as to be excluded from the coverage of the policy. The order granting the motion for summary judgment in favor of State Farm Fire & Casualty Company is reversed and set aside and this case is remanded to the District Court for further proceedings.
Reversed and rendered.
BOUTALL, Judge (dissenting).
I respectfully dissent. The basic issue herein is the interpretation of an exclusion clause in the insurance policy as to its application to the injured person. The policy would exclude the injured plaintiff from coverage provided he comes within the following definition.
"If the residents of the named insured's household, his spouse, the relatives of either, and any other person under the age of 21 in the care of any insured;" * * * * * The law is well settled that the terms of an insurance policy are to be taken and understood in their plain and ordinary sense, to be given their general and popular interpretation and not that which is strained and unusual. Where the language is clear and expresses the intention of the parties it is to be enforced as written. Sumrall v. Aetna Casualty & Surety Company, 124 So.2d 168 (1960).
The Supreme Court of Louisiana in the case of Taylor v. State Farm Mutual Automobile Insurance Company, 248 La. 246, 178 So.2d 238 (1965) has apparently ruled that the language of a policy similar to the present policy is subject to several interpretations. In that case it was held that the word "residents" included "legal residents", and hence held that the insurance *187 policy of a parent included a minor son, although not then physically staying in the parent's home. However, it must be pointed out that that decision did not restrict the naming of the word resident only to "legal resident", but simply added such a meaning to the policy. In fact the court quotes with approval the proposition that whether a person is or is not a resident of a particular place is a question of law and fact, to be determined from all of the facts of each particular case, but mere isolated facts cannot be relied on wholly to determine the question.
A consideration of all of the facts in this case convinces me that the young boy fits the exclusionary definition, both through relationship and being a person under the age of 21 in the care of the named insured. The evidence shows that the child is the great grandchild of Mr. and Mrs. Hano, and that his mother placed the child with them in order to attend a school nearby. Because of her recurrent illness she was unable to take care of the child at all times herself, and the arrangement was that the child was to live with the Hanos during the week, and the mother would take him on weekends under the arrangement as set out in the majority opinion. In accordance with the Taylor decision, I would have no problem in holding that the child is also a resident of his mother's household, but, as stated in that case, a person can have more than one residence. My interpretation of the facts convinces me that the child was placed in the Hano's care for an indeterminate period of time, and while the child was living there, he was treated exactly like one of the family. He was not simply a boarder, but was subject to correction and chastisement by the Hanos the same as if he were their own child. If he needed anything, it was furnished by them. For these reasons I am of the opinion that the trial judge correctly ruled that the exclusionary provisions of the policy applied, and the case should be dismissed.