306 So.2d 414 (1975)
Andrew CHAPMAN, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
No. 4821.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1975.
Rehearing Denied February 5, 1975.
John Saunders, Mamou, for plaintiff-appellant.
Allen, Gooch & Bourgeois by Joel E. Gooch, Lafayette, for defendant-appellee.
Before FRUGÉ, DOMENGEAUX and WATSON, JJ.
FRUGÉ, Judge.
Plaintiff, Andrew Chapman, filed suit against defendant, Allstate Insurance Company, seeking recovery under the uninsured motorist provision of his own automobile policy for the death of his minor son, Carl Chapman. Carl Chapman was killed in a collision with an uninsured motorist on June 8, 1973. The issue presented for determination is whether Carl Chapman was an "insured" under a policy issued to Andrew Chapman. The trial court held that he was not and rendered a summary judgment in favor of Allstate. We affirm.
The plaintiff Andrew Chapman was divorced from his wife in 1966 in Florida. In the divorce decree Mrs. Chapman was awarded custody of the children including Carl Chapman. Under the decree, which has never been modified, Mr. Chapman has unlimited visiting privileges and is required to pay child support. Soon after the divorce Mrs. Chapman and the children moved to Ville Platte, Louisiana, while Mr. Chapman continued to reside in Florida.
The fatal accident occurred on June 8, 1973. At that time Carl Chapman was living with his mother in Ville Platte. In January of 1972 and July of 1972 Carl *415 went to Florida to live with his father. On both occasions his intent was to live permanently with his father. However, he returned to Ville Platte each time when his father, who worked off-shore, had to leave his home for an extended period. His stay with his father lasted one month on the first occasion and approximately two and one-half months on the second.
Subsequently, the plaintiff moved to Kenner, Louisiana, where he secured employment. In April or May of 1973 Carl again expressed a desire to live with his father. His mother advised that he wait until the end of the school year, which he did. The fatal accident occurred before Carl had actually gone to live with his father.
The policy in question provides coverage for the "named insured, .... and, while residents of the same household, the spouse of any such named insured and relatives of either ...." Thus, there is coverage only if Carl is a resident of the same household as his father.
The trial court found that there was no dispute as to any of the material facts and rendered a summary judgment in favor of the defendant Allstate. Appellant contends that under the facts presented, the trial judge erroneously concluded that Carl Chapman was not a resident of his father's household. There is no contention that any of the facts are in dispute and we conclude that the case is a proper one for summary judgment.
Appellant relies on Taylor v. State Farm Mutual Insurance Co., 248 La. 246, 178 So.2d 238 (1956), and Vinet v. Hano, 281 So.2d 183 (La.App. 4th Cir. 1973), writ denied, La., 283 So.2d 501. In Taylor the Supreme Court considered the question of whether Daniel Taylor was a resident of his father's household. Taylor was an unemancipated minor who was living in Louisiana with his uncle. His father lived in Arkansas where Daniel Taylor had lived until his graduation from high school. At that time he accepted his uncle's invitation to come to Louisiana and work for his uncle's employer. His uncle was not supporting him and Daniel would occasionally return to Arkansas to visit his parents.
The Supreme Court concluded that Daniel was still a legal resident of his father's household. The court noted that there had been no divestiture of relationship and no evidence that Daniel had made a permanent residence in Louisiana at the time of the accident. Since he was an unemancipated minor, the court considered Daniel as only temporarily absent from his parents' home.
In Vinet v. Hano, supra, the issue presented was whether or not Pierre Hano was a resident of the household of his great-grandparents. If he were considered a resident then he would be an insured and homeowners coverage would not apply. If he were not a resident there would be coverage. Pierre lived with his great-grandparents during the week in order to attend a school nearby. On weekends he would stay with his mother. The great-grandparents were reimbursed for keeping the child during the week. The court concluded that Pierre was not a resident of the great-grandparents' household.
In both Taylor and Vinet the unemancipated minor was found to be a legal resident of the household of his parents. Both courts emphasized that there had been no divestiture of the relationship between parent and child.
In the case before us we have no doubt that Carl Chapman was a legal resident of his mother's household in Ville Platte at the time of the accident. Mrs. Chapman had been given custody in the Florida divorce proceeding and Carl was actually residing in her household at the time of the accident.
Appellant contends that it is possible for a person to have more than one legal residence and that Carl was also a resident of *416 his father's household. In Taylor, supra, the Supreme Court stated:
"Even though a person, which could include a child, might have several residences, despite the fact that he has one domicile, the legal residence of an unemancipated minor (with which we are herein concerned) is that of his father unless changed by law." 178 So.2d at 242.
See also Fidelity Insurance Co. v. Ripley, 228 So.2d 238 (La.App. 3rd Cir. 1969).
In this case, Carl cannot be considered a legal resident of his father's household as there was a change of status by law. When the Florida court awarded custody to Mrs. Chapman, Carl, as an unemancipated minor, became a legal resident of his mother's household and was no longer a legal resident of his father's household. We find Taylor, Vinet and Fidelity clearly distinguishable on this basis.
Of course, we are not merely concerned with Carl's "legal residence." There is coverage under the policy if Carl was actually residing in his father's household at the time of the accident. However, we do not find that Carl was an actual resident of the same household of his father. At the time of the accident Carl was living with his mother in Ville Platte. None of his belongings had been transferred to his father's household and Carl had never been to his father's household in Kenner. The intention to become a resident of his father's household is not sufficient to make him an actual member of that household.
Appellant also relies on the California case of Cal-Farm Insurance Co. v. Boisseranc, 151 Cal.App.2d 775, 312 P.2d 401 (1957). The issue presented there was whether a child of separated parents was a resident of the household of the father. In the interlocutory divorce proceedings the mother and father were granted joint custody. The child's physical residence, however, was to be with the mother.
Despite this decree the court found that the child spent three-fourths of his time with the father. At the time of the accident (which brought the question of insurance coverage into question) the child was staying with the mother. However, based on the amount of time that the child actually spent with the father, the court found him to be a resident of his father's household.
It is our opinion that there is a major difference in the facts presented in the case before us and those presented in Cal-Farm. In the case before us custody of Carl Chapman had been granted to his mother. There was no decree of joint custody as in Cal-Farm. More importantly, Carl did not spend a major portion of his time in the residence of his father as did the child involved in the Cal-Farm case. Appellant concedes that Carl spent only two periods with him in 1972. In Cal-Farm the child had been with his father only a week before the accident occurred. In the case before us Carl's last stay with his father ended in September, 1972, some eight months before the accident. In this connection see Eagle Finance Corp. v. Duhon, 216 So.2d 367 (La.App. 3rd Cir. 1968).
We conclude that Carl was not a resident of the same household as his father and that the trial judge properly rendered summary judgment in favor of the defendant. For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the appellant.
Affirmed.