385 So.2d 1241 (1980)
Patrick LAFLEUR et al., Plaintiffs-Appellants,
v.
FIDELITY & CASUALTY CO. OF NEW YORK et al., Defendants-Appellees.
No. 7606.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1980.
*1242 Sandoz, Sandoz & Schiff, Leslie J. Schiff, Opelousas, for plaintiffs-appellants.
Voorhies & Labbe, James P. Lambert, Lafayette, for defendant-appellee, Hartford.
Gist, Methvin, Hughes & Munsterman, David A. Hughes, Alexandria, for defendant-appellee, State Farm.
Roy & Forrest, L. Albert Forrest, New Iberia, for defendant-appellee, Southeastern.
Before FORET, SWIFT and STOKER, Judges.
STOKER, Judge.
The plaintiffs, Annie Laurie Lafleur, Norma Lafleur Brown, and Patrick Lafleur, brought this suit against their liability insurance carriers, Southeastern Fidelity Insurance Company, State Farm Mutual Automobile Insurance Company, and Hartford Accident and Indemnity Company, respectively, under the underinsured motorist portions of their policies for damages resulting from the negligently caused death of their mother. The trial court sustained motions for summary judgment filed by State Farm and by Hartford and sustained and exception of no cause of action filed by Southeastern. We affirm.
The issues in the case are as follows:
1. Does an insured under an automobile liability insurance policy which contains uninsured motorist provisions have coverage for a wrongful death action which accrues to the insured resulting from the death of a third party?
2. If uninsured motorist provisions do not afford such coverage, does the policy fail to comply with the requirements of LSA-R.S. 22:1406(D)?
The parties have stipulated that the plaintiffs' mother, Mrs. Lorena Deshotel, was a passenger in a car owned and operated by her daughter, Joycelyn Lafleur, on November 24, 1977, at which time she was killed through the negligence of Joycelyn Lafleur. The automobile owned and operated by Joycelyn Lafleur was not an insured automobile within the meaning of any of the defendants' uninsured motorist carriers policies. Mrs. Lorena Deshotel was not a resident of the household of any of the plaintiffs.
I.
DOES UNINSURED MOTORIST COVERAGE APPLY TO WRONGFUL DEATH ACTIONS ACCRUING TO INSUREDS BECAUSE OF THE DEATH OF A THIRD PARTY?
It is clear from a reading of each of the policies that the plaintiffs do not have coverage. Each of the three policies on which suit is brought contains the following language:
"TO PAY ALL SUMS WHICH THE INSURED OR HIS LEGAL REPRESENTATIVE SHALL BE LEGALLY ENTITLED TO RECOVER AS DAMAGES FROM THE OWNER OR OPERATOR OF AN UNINSURED AUTOMOBILE BECAUSE OF BODILY INJURY, SICKNESS OR DISEASE INCLUDING DEATH RESULTING THEREFROM, HEREINAFTER CALLED `BODILY INJURY', SUSTAINED BY THE INSURED, CAUSED BY ACCIDENT AND ARISING OUT OF THE OWNERSHIP, MAINTENANCE OR USE OF SUCH UNINSURED AUTOMOBILE."
The definition of an "insured" under the uninsured motorist provision is set forth as follows:
"`INSURED' means;
(a) The named insured and any relative;
(b) Any person while occupying an insured automobile; and
(c) Any person, with respect to damages he is entitled to recover because of bodily injury to which this Section applies sustained by an insured under (a) or (b) above."
The definition of "relative" in the policies state:
"`RELATIVE' means a relative of the named insured who is a resident of the same household;"
*1243 It is clear from the facts of the plaintiffs' petition and those stipulated by counsel that Lorena Deshotel, the deceased party, was not an insured under any of these defendants' policies. She was neither the named insured, nor a relative who was a resident of the named insured's household, nor was she occupying the insured vehicle at the time of the accident. The policies state that they will pay only for bodily injury sustained by an insured. Thus, the policy language clearly excludes the plaintiffs' cause of action.
In Chapman v. Allstate Insurance Company, 306 So.2d 414 (La.App.3rd Cir., 1975), we denied the plaintiff recovery under the uninsured motorist provisions of his policy in a similar factual situation. In that case, the plaintiff, Andrew Chapman, had an automobile liability insurance policy with Allstate Insurance Company which included uninsured motorist coverage. Prior to the accident in question, the plaintiff and his wife were divorced with Mrs. Chapman having the legal custody of their minor son, Carl Chapman. The minor, while living with his mother, was killed as a result of an accident with an uninsured motorist. Mr. Chapman sued his insurance company, Allstate, seeking benefits under the uninsured motorist provisions of his policy as a result of the death of his minor son. We concluded that the minor was not an insured under the plaintiff's policy with Allstate and, for that reason, sustained the trial court's dismissal of the plaintiff's suit. See also Seaton v. Kelly, 339 So.2d 731 (La., 1976), in which our Supreme Court upheld these policy provisions and clearly held that the injured party must be an insured under the policy of insurance to support a claim for uninsured motorist benefits.
In the Chapman case the focus of the inquiry was on whether the minor son was an insured under this father's automobile policy. We said that under the terms of the policy "there is coverage only if Carl [the son] is a resident of the same household as his father." Having found that the son was not a resident of the plaintiff-father's household, we found no coverage. In the same situation the Court of Appeal for the Second Circuit in an en banc hearing allowed a father with whom his deceased daughter did reside to recover under the uninsured motorist provisions of the father's policy. Butler v. MFA Mutual Insurance Company, 356 So.2d. 1129 (La.App., 2nd Cir., 1978), writ denied 358 So.2d 641 (La., 1978). In the Chapman and Butler cases the courts approached the question on the basis of whether the deceased was insured in a wrongful death action by an insured survivor. This is not the approach urged by plaintiffs before this court.
Plaintiffs pitch their cases on the contention that the language of the policy quoted above covers them as insureds for their loss under LSA-C.C. art. 2315 for the wrongful death of their mother. As particularized in plaintiffs' brief, their argument is as follows:
"This Court decided in Chapman v. Allstate Insurance Company [La.App.], 306 So.2d 414, a case which was urging a similar loss, that is, Mr. Chapman sued for the wrongful death of his son. Under the facts it was determined that the son was not a resident of the father's household and it appears that the decision in the case turned solely on this point. We feel that an analysis should have been urged in that case of the nature of the wrongful death claim or claims, that is, the claim of the decedent and the claim of the Article 2315 survivor.
The defendants have asserted that the injuries suffered by the plaintiffs do not come within the meaning of the term `bodily injury' as it is used in the policy. The defendants assert that the term `bodily injury' as it is contemplated in the policies refers solely to actual physical injury to the person of the insured, or at least some injury which manifests itself by a physical infirmity or abnormality in the person of the insured. This Court, in Chapman entertained no such distinction. Clearly the Court would have allowed wrongful death damages as contemplated under Article 2315 if the facts in Chapman had indicated that the son was living in his father's home. Thus we do not *1244 believe that the `bodily injury' analysis suggested by the defendants is pertinent. On the contrary, it is submitted that the damages occasioned to the plaintiffs by the death of their mother can be classified as bodily injury within the meaning of the policy. See the discussion in 24 Loyola Law Review 85 at pages 96 and 97. The loss occasioned by the plaintiffs manifest itself in lost sleep, depression, sorrow, grief and emotional disturbance all of which include physical manifestations of the injuries suffered by the loss of their mother. These are outward manifestations of the psychic injuries suffered by the plaintiffs, and these injuries come within the meaning of bodily injury as used in the policy."
After analyzing plaintiffs' position and the policy provisions we disagree that the policy provides coverage for their wrongful death action arising from their mother's death. We do not believe such coverage was within the intention of either the insurer or insureds. Hence, we hold the trial court was correct in denying plaintiffs' claims against their various automobile insurers.[1]
We believe that the clear language of the policies in question excludes coverage for the plaintiffs. The language of the policies is clear and unambiguous and does not lead to any absurd consequences. It is the law between the parties and must be given effect as written. Mrs. Lorena Deshotel cannot be considered an "insured" for the purposes of these policies.
II.
DOES LSA-R.S. 22:1406(D) REQUIRE THAT AUTOMOBILE INSURANCE POLICIES CONTAIN UNINSURED MOTORIST COVERAGE PROVIDING RECOVERY FOR INSUREDS WHO ARE ENTITLED TO RECOVER FOR THE WRONGFUL DEATH OF A THIRD PERSON UNDER LSA-C.C. ART. 2315?
Plaintiff urge an alternative position which they contend should be invoked in the event we interpret the policies as we have interpreted them above. Their position is that the statute governing the issuance of uninsured motorist coverage in this state requires coverage for claims for wrongful death actions in situations such as those presented here. They rely on the following language from LSA-R.S. 22:1406(D); particularly that portion which we italicize:
"D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
"(1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the Commissioner of Insurance, for the protection of persons insured thereunder, who are legally entitled to recover damages from owners or operators of uninsured or under insured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage *1245 required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits ... " (Emphasis added)
It is the position of the plaintiffs-appellants that any language contained in the insuring agreement issued by their respective companies which is in derogation of this broad statutory language is void and ineffective.
The statutory language referred to above is identical in terms with language found in the automobile policies of defendants which were issued to plaintiffs-appellants, with the exception that the language of the policies refers to "bodily injury sustained by the insured." Assuming the approach of Chapman and Butler is incorrect in that, as plaintiffs-appellants urge, the inquiry should focus on them as insureds and not on whether their non-insured mother was an insured, we see no derogation of the statute. We have already ruled above that even under this interpretation, no coverage is afforded. We have so ruled, not because we feel that the terms "bodily injury sustained by the insured" is not broad enough to cover the damages sustained by an insured resulting from the death of a person bearing the required relationship to the insured specified in LSA-C.C. Art. 2315; [2] rather, it is because we are of the opinion that such coverage was not within the contemplation of the contracting parties.
We are likewise of the belief that the Louisiana Legislature did not intend for the statutory language contained in LSA-R.S. 22:1406(D)1(a) to afford coverage for what an insured may be legally entitled to recover as his "wrongful death" damages, sustained because of the death of some third person. As we have noted, there is authority under Chapman v. Allstate Insurance Company, supra, and Butler v. MFA Mutual Insurance Company, supra, for the proposition that if the person whose death is wrongfully caused is an insured, any person who is also an insured and entitled to recover for wrongful death under LSA-C.C. Art. 2315, may invoke the uninsured provisions of a policy. Here the mother of plaintiffs-appellants, Mrs. Lorena Deshotel, was not an insured. She was a third person having no connection with the policies of insurance, the insured vehicles, or the households of the plaintiffs-appellants.
Inasmuch as we hold that the statute in question was not intended to extend to such operative facts as are before us, we see no violation of the statute in giving the policy provisions the interpretation we have given them.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of *1246 this appeal are taxed to plaintiffs-appellants.
AFFIRMED.
NOTES
[1] While having great respect for the panel of this court which decided the Chapman case and the court which decided the Butler case, the writer of this opinion has reservations concerning the theoretical basis on which they are bottomed. The implication of Chapman made explicit in Butler is that insured survivors can recover for the wrongful death of any other person who was an insured if the survivor is otherwise entitled to recover under LSA-C.C. art. 2315. For purposes of this case the issue need not be reexamined. I am in full agreement with the view that no coverage existed in the situation in this case. Although a writ was denied in Butler such action does not necessarily constitute approval of the court of appeal opinion or create precedent. White v. Louisiana Western Ry. Co., 174 La. 308; 140 So. 486 (La., 1932); and Lombardo v. Argonaut Insurance Company, 354 So.2d 731, writ denied, 355 So.2d 1325 (La., 1978).
[2] Louisiana's wrongful death statute is contained in Article 2315 of the Louisiana Civil Code (LSA-C.C. art. 2315). It provides as follows:

"Art. 2315. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
As used in this article, the words `child', `brother', `sister', `father', and `mother' include a child, brother, sister, father, and mother, by adoption, respectively." (Emphasis supplied).