448 So.2d 218 (1984)
Howard SPURLOCK, Jr. et al.
v.
PRUDENTIAL INSURANCE COMPANY et al.
No. 83 CA 0544.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
Gregory Wilson, Baton Rouge, for plaintiffs-appellants Howard Spurlock, Jr., Debra S. Thomas, Hurel Lee Northern, Robert L. Spurlock.
Horace Lane, Baton Rouge, for defendant-appellee State Farm Mut. Auto. Ins.
John E. Cox, Baton Rouge, for defendant-appellee Valley Forge Ins. Co.
James E. Moore, Baton Rouge, for defendant-appellee Cumis Ins. Society.
Donald R. Smith, Baton Rouge, for defendant-appellee Prudential Property & Cas.
Before COVINGTON, COLE and SAVOIE, JJ.
SAVOIE, Judge.
Plaintiffs appeal the trial court's granting of summary judgment, contending that it erred in concluding that plaintiffs were not entitled to recover for their father's wrongful death under their respective uninsured motorists insurance coverages.
By joint stipulation, the parties agreed to the following facts. On November 5, 1980, while pumping gasoline into his vehicle, Howard Spurlock, Sr. was struck by an automobile operated by Marcel Carter. As a result of the injuries sustained therein, he died. His children, plaintiffs herein, filed suit to collect the policy limits on their own respective uninsured motorists coverages for "injuries sustained" (i.e., wrongful death of their father). It was further stipulated that Howard Spurlock, St. was not a resident of any of the plaintiffs' households.
The trial court, in its oral reasons for judgment, cited LaFleur v. Fidelity and Casualty Company of New York, 385 So.2d 1241 (La.App. 3rd Cir.1980), as being *219 on all fours with the instant case.[1] The court concluded that after looking at the policies and L.S.A.-R.S. 22:1406, no coverage was afforded plaintiffs herein for the wrongful death of their father as he was not a resident of any of the insureds' (plaintiffs') households. Based thereon, it granted the motion for summary judgment.
In brief, plaintiffs assert that this court is not bound by the decision in LaFleur, supra, as it does not adequately reflect the state of the law in Louisiana. In essence, plaintiffs ask this court to conclude that the wrongful death of an uninsured non-resident third-party is within their respective uninsured motorist policy's definition of bodily injury and is thus compensable. We decline to do so.
While this court is well aware that stare decisis is not the law in Louisiana, we find the language and logic in LaFleur, supra, to be controlling herein. We believe that the Louisiana Legislature never intended our uninsured motorist statute to afford coverage for what an insured may be legally entitled to recover as his "wrongful death" damages, sustained because of some third-party's death. Professor W. Shelby McKenzie supports such view in his article, Louisiana Uninsured Motorists CoverageAfter Twenty Years, 43 La.L.R. 691, 710 (1983), wherein he states that:
"The UM claim must be based upon bodily injury to an insured; it cannot be predicated upon damages sustained by an insured as a result of bodily injury to someone who was not an insured under the policy."
The parties herein have stipulated that Howard Spurlock, Sr. was not an insured under any of the policy's terms. Based on this stipulation and the logic of LaFleur, supra, we find the trial court correctly granted the summary judgment.
For the above and foregoing reasons, judgment of the trial court is affirmed. Plaintiffs are to pay all costs.
AFFIRMED.
NOTES
[1] In LaFleur, the court held that a decedent who was neither a named insured, a relative residing in the named insureds' households, nor occupying an insured vehicle at the time of the accident, was not an insured under the provisions of her children's uninsured motorist automobile policies such that coverage was afforded her children therein for a wrongful death action arising out of their mother's death.