STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-0585


ELLA NICOLE SALVAGGIO, ET AL.

VERSUS

ALLSTATE INS. CO., ET AL.


************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. MARTIN, NO. 68757-A
HONORABLE GERARD WATTIGNY, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.


**REVERSED AND REMANDED.**

David C. Laborde
Bradley G. Frizzell
The Laborde Law Firm, L.L.C.
Post Office Box 80098
Lafayette, LA 70598-0098
(337) 261-2617
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Ella Nicole Salvaggio, et al.

Charles C. Garrison
Caffery, Oubre, Campbell & Garrison, L.L.P.
Post Office Drawer 12410
New Iberia, LA 70562-2410
(337) 364-1816
COUNSEL FOR DEFENDANT/APPELLEE:
    Southern Farm Bureau Casualty Insurance Co.

PETERS, J.

The plaintiff, Nicole Salvaggio,[1] appeals from the trial court's grant of a motion for summary judgment in favor Southern Farm Bureau Casualty Insurance Company (Farm Bureau), dismissing it from this litigation. For the reasons set forth herein, we reverse the trial court's grant of summary judgment and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

This suit arises out of a single-vehicle accident that occurred on December 20, 2003, in St. Martin Parish, Louisiana. The driver, Jeremy Gautreaux, lost control of his Ford F-150 pickup truck and ran into a ditch. His two sons, Tristen (age 6) and Tyler (age 3), were passengers in the truck, and both children sustained severe injuries in the accident.

At the time of the accident, Jeremy Gautreaux and Nicole Salvaggio were husband and wife but were physically separated and had already begun the legal process of obtaining a divorce. The trial court having jurisdiction over the divorce action had granted the parents joint custody of their two children, with Ms. Salvaggio being named as primary custodian. The court order required that Mr. Gautreaux's visitation with his children be supervised by his mother, Theresa Gautreaux. The order also provided that Mr. Gautreaux was not to drive with the children in his vehicle unless his mother was present. At the time of the accident, Mr. Gautreaux was living in an apartment above his parents' garage.

Ms. Salvaggio named Farm Bureau, Mrs. Gautreaux's automobile liability insurer, as one of the defendants in the litigation, asserting that Farm Bureau provided uninsured/underinsured motorist (UM) coverage for the accident. Farm Bureau

---

[1]Ms. Salvaggio filed her suit individually and on behalf of her minor children. However, for the purposes of this opinion, she will be referred to as the plaintiff.

responded by denying coverage and ultimately filed the motion for summary judgment on the coverage issue which is now before us.

Relying on *Sandoz v. State Farm Mutual Automobile Insurance Company*, 620 So.2d 441 (La.App. 3 Cir. 1993), the trial court found that Mr. Gautreaux's pickup truck was not an "uninsured or underinsured automobile" within the meaning of Farm Bureau's policy because Mr. Gautreaux was a resident of Mrs. Gautreaux's household and the owner of the vehicle involved in the accident. The trial court granted Farm Bureau's motion for summary judgment and dismissed Ms. Salvaggio's claims against Farm Bureau. In her one assignment of error on appeal, Ms. Salvaggio asserts that the trial court erred in not finding that the UM provisions of the Farm Bureau policy provided coverage for the accident sued upon.

**OPINION**

This court reviews summary judgments *de novo*. *Supreme Serv. and Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827 (La. 5/22/07), 958 So.2d 634. A motion for summary judgment is properly granted if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; *Travelers Ins. Co. v. Joseph*, 95-200 (La. 6/30/95), 656 So.2d 1000. There are no factual disputes in this motion for summary judgment, so we review whether the trial court was correct in holding that there was no UM coverage under Farm Bureau's policy and that Farm Bureau was entitled to judgment as a matter of law.

The undisputed facts are that Mr. Gautreaux's truck was insured by US Agencies, under a policy which provided no UM coverage. Mr. Gautreaux died from causes unrelated to the automobile accident several months after the accident, and Ms. Salvaggio had settled the claims against her former husband and his insurer

2

before she filed the instant suit. Farm Bureau's liability insurance policy covered Mrs. Gautreaux's 1998 Pontiac automobile and provided for UM coverage. Farm Bureau stipulated, for the purposes of the motion for summary judgment only, that Mr. Gautreaux and the two children were residents of Mrs. Gautreaux's household and therefore "insureds" under its policy.

In seeking summary judgment on the coverage issue, Farm Bureau relied on the provisions of La.R.S. 22:1406(D)(1)(e), which at the time of the accident,[2] read as follows:

> The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.

It is clear from this language that because Mr. Gautreaux was occupying a motor vehicle which he owned, but which was not described in the Farm Bureau policy, that policy provided no UM coverage for him. However, Ms. Salvaggio points out that the two children are the "insureds" at issue, not Mr. Gautreaux. She asserts that the exception set forth in La.R.S. 22:1406(D)(1)(e) does not apply to her children because they were occupying a vehicle which they did not own. We agree.

The supreme court has addressed the interpretation of this statutory provision in *Mayo v. State Farm Mutual Automobile Insurance Co.*, 03-1801 (La. 2/25/04), 869 So.2d 96, and reached a decision that supports our conclusion. In that case, Melissa Mayo sustained injuries in an automobile accident when she was a passenger in a vehicle being driven by her husband, Scotty Mayo. The vehicle was the separate

---

[2]The statute was redesignated as La.R.S. 22:680 in 2003.

3

property of her husband and was insured by Allstate Insurance Company. State Farm Mutual Automobile Insurance Company (State Farm) insured another vehicle owned by Mrs. Mayo as her separate property, and she brought suit against State Farm under the UM provisions of that policy. State Farm denied coverage, relying on the language found in La.R.S. 22:1406(D). The supreme court rejected State Farm's argument, concluding that although Mr. Mayo was an insured under the terms of Mrs. Mayo's policy with State Farm, Mrs. Mayo was not precluded from recovering under the UM coverage because she was injured in a vehicle not owned by her. In reaching this conclusion, the supreme court stated:

> LSA-R.S. 22:1406(D)(1)(e) provides that UM coverage is inapplicable to injuries of *an* insured while occupying a motor vehicle owned by *the* insured. The language of that provision suggests that the legislature contemplated an insured, the owner of multiple vehicles, who is injured while occupying another vehicle he or she owns. This means if Melissa had been injured while occupying another vehicle she owns, UM coverage would not apply. Those are not the facts of this case. Only two vehicles are at issue: the one owned by Melissa and the one owned by Scotty. Melissa was injured while occupying the vehicle owned by Scotty. Therefore, we must conclude that LSA-R.S. 22:1406(D)(1)(e) does not preclude Melissa from recovery [sic] UM benefits under her own State Farm policy.

*Mayo*, 869 So.2d at 106.

Applying that reasoning to this case, because Tristen and Tyler did not own the vehicle that they were occupying at the time of the accident, the exclusion of La.R.S. 22:1406(D)(1)(e) does not apply.

Farm Bureau also argues that under the language of its policy, there is no UM coverage because the policy provides that "uninsured or underinsured automobiles" do not include automobiles furnished for the regular use of Mrs. Gautreaux or a relative.

4

The policy provides that "[t]he term 'uninsured or underinsured automobile' shall not include: (1) an owned automobile or an automobile furnished for the regular use of a named insured or relative." Farm Bureau asserts that because Mr. Gautreaux was a relative of Mrs. Gautreaux, his truck was not an uninsured or underinsured automobile within the meaning of the policy.

We reject this argument because that interpretation would exclude UM coverage required by Louisiana's UM statute, La.R.S. 22:1406. "[I]t is well settled that our uninsured motorist statute embodies public policy and, thus, any clause in a policy in derogation of the mandatory requirements set forth in the statute is invalid insofar as it conflicts with the statute." *Breaux v. Gov. Emp. Ins. Co.*, 369 So.2d 1335, 1337-38 (La.1979).

## DISPOSITION

For the reasons given above, we reverse the trial court's grant of summary judgment in favor of Southern Farm Bureau Casualty Insurance Company dismissing it from the litigation and remand the matter to the trial court for further proceedings. We assess all costs of this appeal to Southern Farm Bureau Casualty Insurance Company.

**REVERSED AND REMANDED.**