# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CA 09-270


**MARTHA B. BONIN, ET AL.**

**VERSUS**

**BRIAN A. VERRET, ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2007-5149-C
HONORABLE J. BYRON HEBERT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


**SHANNON J. GREMILLION
JUDGE**

\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, James T. Genovese, and Shannon J. Gremillion, Judges.

Cooks, J., dissents.

**AFFIRMED.**

Gerald Charles deLaunay
Jean Albert Ouellet
Perrin, Landry, deLaunay, Dartez & Oullet
P. O. Box 53597
Lafayette, LA 70505
(337) 237-8500
Counsel for Plaintiff/Appellant:
Martha B. Bonin

Kenny Layne Oliver
David Oliver Way
Oliver & Way
P. O. Box 80655
Lafayette, LA 70598-0655
(337) 235-2112
Counsel for Defendant/Appellee:
State Farm Mutual Auto Ins. Co.

Katherine P. Martin
Gretchen Heider Mayard
Katherine P. Martin, APLC
P. O. Box 81338
Lafayette, LA 70598-1338
(337) 291-2440
Counsel for Defendants/Appellees:
State Farm Mutual Auto Ins. Co. and
Brian A. Verret

**GREMILLION, Judge.**

Martha Bonin, appointed tutrix of the minor child, K.D.T.[1], appeals summary judgment granted in favor of State Farm Mutual Automobile Insurance Company (State Farm). The dispute involves uninsured motorist (UM) coverage. For the reasons that follow, we affirm.

## FACTS

K.D.T. tragically lost his parents in an automobile accident on September 30, 2006. It was alleged in the petition filed by Bonin that Brian A. Verret was traveling northbound on Ambassador Caffery Parkway in Lafayette, Louisiana, at approximately 9:52 p.m., when he lost control and crossed the center line, colliding head-on with K.D.T.'s parents, James Dean Thibodeaux and Danielle Conrad Thibodeaux. Mr. Thibodeaux was driving a 1995 Honda Accord registered in his name and insured by Imperial Fire and Casualty Insurance Company. Ms. Thibodeaux was listed on the policy as the named insured. Ms. Thibodeaux also owned a 2000 Toyota Corolla that was insured by State Farm.

The petition named Verret, State Farm as his liability insurer and State Farm as Ms. Thibodeaux's uninsured motorist carrier. State Farm[2] answered and filed a motion for summary judgment, asserting that, because Ms. Thibodeaux was occupying a vehicle owned by her but insured by Imperial and not described in the State Farm policy, there was no coverage for this accident. Bonin argued that K.D.T. was an insured under the State Farm policy but did not own the car and, therefore,

---

[1] Pursuant to Rule 5-2 of the Uniform Rules-Courts of Appeal, the initials of the minor will be used to protect the child's privacy.

[2] Given the relevant dispute on appeal, because State Farm was sued in two capacities, we henceforth only refer to "State Farm" in its alleged capacity as uninsured motorist carrier.

1

was entitled to UM benefits for his wrongful death claims. The trial court accepted State Farm's argument and granted summary judgment. Bonin then perfected this appeal.

## ANALYSIS

Courts of appeal in Louisiana review summary judgments *de novo*, meaning that we utilize the same standards as would a trial court. *Schroeder v. Board of Sup'rs. of La. State Univ.*, 591 So.2d 342 (La.1991). It is therefore incumbent upon us to review the pleadings, depositions, affidavits and other submissions and determine whether a genuine issue of material fact exists. If so, we must reverse, and if not, we must affirm. La.Code Civ.P. arts. 966 and 967.

We are required to first determine whether the policy provides coverage. The policy, as a contract, carries the force of law between the parties. *Livas v. State Farm Mut. Auto. Ins. Co.*, 99-1169 (La.App. 3 Cir. 7/18/00), 797 So.2d 694. Revised Statute 22:680(1)(e), on which State Farm relies, does not prohibit State Farm from providing coverage in such situations.

State Farm's policy defines "bodily injury" as "physical injury to a person and sickness, disease or death which results from it." Bonin urges that this coverage applies to K.D.T.'s claim, however, because she is not seeking to recover UM benefits for Ms. Thibodeaux's bodily injury, but rather K.D.T.'s injury for the loss of his parent. In support of her theory, Bonin has cited the cases of *Mayo v. State Farm Mutual Automobile Insurance Co.*, 03-1801 (La. 2/25/04), 869 So.2d 96, and *Salvaggio v. Allstate Insurance Co.*, 08-585 (La.App. 3 Cir. 11/5/08), 997 So.2d 845.

The *Mayo* decision involved a wife who was injured through the fault of an uninsured motorist while she was a passenger in an automobile separately owned by

2

her husband. That vehicle had been purchased by her husband before the couple's marriage and was insured by Allstate Insurance Company. The plaintiff had acquired a GEO Spectrum before the marriage and insured it with State Farm. The Louisiana Supreme Court analyzed the ancestor of the provision with which we are concerned, La.R.S. 22:1406(D)(1)(e), and determined that there was coverage because the plaintiff did not own her husband's vehicle. Bonin argues that the *Mayo* reasoning applies to K.D.T.'s loss because he, as a resident relative of Ms. Thibodeaux, is an insured under her policy, and he was not an owner of the Honda Accord; thus, his loss is covered by State Farm.

In *Salvaggio*, the mother and father were living separate and apart and had filed for divorce. The father lived in an apartment above his parents' home. He and his two sons were injured in a one-vehicle accident when he plowed his pickup into a ditch. The mother sought to recover UM benefits on behalf of the two sons from the grandmother's carrier. The father and two sons were residents of the grandmother's home and thus insureds. We extended the *Mayo* rationale to conclude that the two sons were insureds and did not own the father's truck; thus, summary judgment granted on behalf of the grandmother's UM carrier was improper, and we reversed.

The common thread coursing through *Mayo* and *Salvaggio* is that in both cases the party seeking to recover benefits did not own the vehicle and had sustained physical injuries. The distinction in this matter is that Bonin is pursuing a wrongful death claim on K.D.T.'s behalf for the death of his mother. Thus, Bonin argues, the focus of our analysis should be on the nature of K.D.T.'s loss. We disagree.

State Farm's policy insuring agreement provides:

> We will pay nonpunitive damages for ***bodily injury*** an ***insured*** is legally entitled to collect from the owner of an ***uninsured motor vehicle***. The

> **bodily injury** must be sustained by an **insured** and caused by accident arising out of the operation, maintenance or use of an **uninsured motor vehicle**.

State Farm's policy excludes coverage for "bodily injury" to an insured while occupying a motor vehicle owned by or leased to the insured if it is not a car described in the declarations page or a newly acquired car. The issue as expressed by Bonin is on whose injuries the analysis should focus. She maintains that the focus should be on K.D.T.'s injuries.

In *Crabtree v. State Farm Insurance Co.*, 93-509 (La. 2/28/94), 632 So.2d 736, the supreme court decided the issue of whether a spouse's claim for mental anguish resulting from witnessing her husband's motorcycle accident constituted a separate bodily injury, thus entitling her to a separate "per person" limit of recovery. In that case, the supreme court determined that the rather loose definition of "bodily injury" expanded enough to encompass the wife's bystander damages. The court in *Crabtree* stated that had State Farm intended the policy only cover external bodily injuries, it could have stated that in the policy.

Similarly, in *Hill v. Shelter Mutual Insurance Co.*, 05-1782 (La. 7/10/06), 935 So.2d 691, the court faced the same issue in the context of the wrongful death claims of three children for the death of their father, with identical policy language as found in *Crabtree*. The court, in ruling that a separate "per person" limit applied to the wrongful death claims, stated that the elements of wrongful death are loss of love, affection, companionship and mental pain, suffering and distress are all "mental injuries which could be termed 'bodily injury' under the policy." *Id.* at 695.

More recently, the supreme court decided the case of *Hebert v. Webre*, 08-60 (La. 5/21/08), 982 So.2d 770. There, the supreme court faced the identical issue as

4

it faced in *Hill*, but in the context of insuring agreement language identical to that in the matter before us. The court stated, "we find that the addition of the word 'physical' is sufficient under *Crabtree* to differentiate a 'bodily injury' sustained in a physical manner. . .from an injury which is emotional in nature and, though it might have physical consequences, is not a 'physical' bodily injury." *Id.* at 777.

The insuring language requires that the focus is properly upon the party who sustained physical bodily injury, i.e., the occupant of the car, and not on his beneficiaries for purposes of wrongful death or survival actions.

This analysis is supported by previous decisions of this court. In *Lafleur v. Fidelity & Casualty Co. of New York*, 395 So.2d 1241 (La.App. 3 Cir. 1980), *writ denied*, 392 So.2d 684 (1980), we held that UM benefits were not covered under the policies of children whose mother, who did not reside with any of them, was not a named insured under any of the policies and was not occupying an insured vehicle. This decision followed our previous ruling, under similar facts, in *Chapman v. Allstate Insurance Co.*, 306 So.2d 414 (La.App. 3 Cir. 1975).

To rule to the contrary would lead to absurd consequences. The *Lafleur* case illustrates this principle perfectly. If the court were to look to the claimant's damages, each plaintiff in *Lafleur* would have been entitled to recover even though the mother was in no way an insured under any of the policies.

Similar rationale governs this matter. State Farm's policy excludes coverage for "bodily injury" to an insured while occupying a motor vehicle owned by or leased to the insured if it is not a car described in the declarations page or a newly acquired car. The Honda was not described in the State Farm policy and did not meet the definition of a newly acquired car, as it was listed in Imperial's policy. Because

5

Bonin, on behalf of K.D.T., is seeking to recover damages that result from "bodily injury," to an insured, her claims for UM benefits are not covered by the policy's language. This does not end our analysis, however.

Louisiana public policy in favor of uninsured motorist coverage is reflected in the fact that it is mandated by statute. Currently, the statute that mandates UM coverage is designated La.R.S. 22:1295; at the time of this accident in 2006, it was La.R.S. 22:680. The statute provided that no automobile insurance liability policy shall be delivered or issued for delivery unless coverage in an amount not less than the bodily injury liability limits for the protection of insureds who are entitled to recover from owners or operators of uninsured or underinsured drivers, unless the named insured selects lower limits, elects coverage for "economic only" losses, or rejects UM coverage altogether. La.R.S. 680(1)(a)(i). The statute mandates coverage for bodily injury, sickness or disease, including death resulting therefrom. *Id.* The public policy in requiring UM coverage is so strong that the Louisiana Supreme Court has instructed the lower courts that the mandate of coverage is to be liberally construed, while the exceptions to mandatory coverage in the statute must be strictly construed. *Gray v. American Nat'l. Prop. & Cas. Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839.

The provision of section 680 with which the court is faced in this matter is La.R.S. 22:680(1)(e), which states:

> (e) The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.

6

This provision plainly allows State Farm to include its exclusion, but requires us to determine whether State Farm has established in its motion that Ms. Thibodeaux owned the Honda and that it was not described in the State Farm policy. The petition filed by Bonin alleges that Mr. Thibodeaux was driving a 1995 Honda Accord with no allegation admitting ownership of the car. State Farm offered, without objection or motion to strike, the uncertified Imperial Fire and Casualty policy that lists the Honda and a Z71 pickup truck as the insured vehicles, and shows Ms. Thibodeaux as the named insured. Bonin has offered nothing to suggest that the vehicle was not owned by the Thibodeauxs, and the evidence that was introduced establishes that it was. The State Farm policy does not describe that Honda as an insured vehicle. Therefore, the second requirement for applicability of the statute has been met.

We determine that under the terms of the statute, the damages claimed by Bonin are precluded. She is making a claim on K.D.T.'s behalf for damages sustained by K.D.T.; however, those damages arise from the bodily injury and resulting death of an insured, Ms. Thibodeaux, while occupying a vehicle she owned and not described in State Farm's policy. The precise situation this provision was intended to preclude—paying for UM coverage on only one of several vehicles, then making a claim for injuries sustained while occupying a car that had no such protection—is illustrated by Bonin's demands against State Farm.

**CONCLUSION**

Ms. Thibodeaux's death occurred while occupying a vehicle she owned that was not described in State Farm's policy. That claim is not covered by the insuring agreement between Ms. Thibodeaux and State Farm. Because Ms. Thibodeaux was occupying a car she owned that was not described in State Farm's policy at the time

7

she was killed, coverage for the wrongful death claim is not mandated by La.R.S. 22:680(1)(e). The judgment of the trial court in favor of State Farm is affirmed. All costs of this appeal are taxed to Plaintiff/Appellant, Martha B. Bonin.

**AFFIRMED.**

8